181 N.J. Super. 20 (1981)
436 A.2d 542
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MARC CONOVER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1981.
Decided October 7, 1981.
*21 Before Judges MATTHEWS, PRESSLER and PETRELLA.
Stanley C. Van Ness, Public Defender, attorney for appellant (Robert J. Konzelman, Assistant Deputy Public Defender, of counsel and on the letter brief).
James R. Zazzali, Attorney General of New Jersey, attorney for respondent (Larry R. Etzweiler, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by PETRELLA, J.A.D.
Defendant appeals on the basis that the sentence imposed pursuant to a negotiated plea is excessive, notwithstanding it was within the terms of the plea negotiation in which it was agreed that the prosecutor would recommend that the aggregate custodial sentence not exceed 25 years.
Defendant raises the argument for the first time on this appeal that the judge's imposition of a minimum time before parole eligibility frustrated his reasonable expectation as to the sentence.
The Union County grand jury had returned five indictments against defendant. The charges against him related in large part to sexual abuse of a 14-year-old girl, and included rape, carnal abuse (seven counts), impairing the morals of a child (two counts), aggravated sexual assault (six counts), extortion, transporting a female across state lines for the purpose of prostitution, receiving money from a female engaged in prostitution, welfare fraud (two counts), breaking and entry with intent to *22 steal, contributing to the delinquency of a minor and possession of a weapon, namely "nun-chuk" sticks.[1]
Pursuant to the plea agreement defendant entered a retraxit plea of guilty to forcible carnal abuse (N.J.S.A. 2A:138-1), carnal abuse of a minor (N.J.S.A. 2A:138-1), aggravated sexual assault  forcible sexual intercourse while aided and abetted by another (N.J.S.A. 2C:14-2(a)), extortion by threatening to injure members of the victim's family (N.J.S.A. 2A:105-4), transporting the child victim across state lines for the purposes of prostitution (N.J.S.A. 2A:133-12), breaking and entering with intent to steal (N.J.S.A. 2A:94-1) and welfare fraud (N.J.S.A. 2C:20-4). Some of the offenses occurred before the effective date of the New Jersey Penal Code (N.J.S.A. 2C:1-1 et seq.) and hence those counts referred to Title 2A of the Revised Statutes.
As part of the plea agreement the prosecutor agreed to recommend that the terms of incarceration imposed upon the indictments involving the various sex-related offenses not exceed an aggregate of 25 years, and that the terms of incarceration imposed upon the breaking and entry charge and the welfare fraud charge would run concurrently. The prosecutor also agreed to recommend that all remaining counts embraced in the five separate indictments be dismissed. This resulted in 17 counts being dismissed. In addition, the prosecutor promised that he would refrain from prosecuting defendant for jumping bail and for resisting arrest when he was apprehended. Judge Beglin accepted the pleas after obtaining a factual basis for the offenses. He ordered defendant to be evaluated at the Diagnostic Center at Avenel to determine whether he fell within the purview of the Sex Offender's Act. N.J.S.A. 2C:47-1 et seq. It was determined that he did not.
Defendant was sentenced to an aggregate term of 24 to 25 years. On the aggravated sexual assault count (a crime of the *23 first degree, see N.J.S.A. 2C:43-6a(1)) the judge ordered that defendant serve at least ten years in prison before he became eligible for parole. N.J.S.A. 2C:43-6b allows imposition of a minimum time before parole eligibility. On this appeal defendant for the first time challenges the sentence as excessive and contrary to his understanding of the plea agreement. He argues that because minimum parole eligibility time was not discussed and was not expressly part of the plea negotiations, it frustrated his reasonable expectation with respect to eventual parole eligibility. The record does not disclose that any application was made to the trial judge for reconsideration of the sentence on that basis.
It is apparent, due to the nature of the offenses, the time periods involved and the age of the young girl who was abused, as well as the plea agreement terms, that defendant fully anticipated a custodial sentence.
We note that the provision providing for a minimum term before parole eligibility is in the same section which categorizes sentences based on the various degrees of crimes, where not otherwise specifically provided for with reference to an offense. N.J.S.A. 2C:43-6b, prior to its recent amendments,[2] provided:
b. As part of a sentence for a crime of the first or second degree and notwithstanding the provision of 2C:43-9, the court may fix a minimum term not to exceed one-half of the term set pursuant to subsection a. during which the defendant shall not be eligible for parole provided that no defendant shall be eligible for parole at a date earlier than otherwise provided by the law governing parole.
State v. Davis, 175 N.J. Super. 130, 141 (App.Div. 1980), certif. den. 85 N.J. 136 (1980), presented an analogous situation. The trial judge in Davis sentenced under the subsection of the Penal Code relating to murder and which provided for a 30-year sentence with a mandatory 15-year minimum without parole, rather than a sentence of the maximum term of 30 years without recommendation. This court indicated that because the *24 subsections of the statute were not part of the plea agreement, the sentence was within the trial judge's discretion.
The alleged failure of defendant to discuss this aspect with his attorney, or even the wrong advice of his attorney, would not affect the appropriateness of the sentence here imposed. Here, defendant still received a benefit from the plea arrangement by dismissal of the counts of aggravated sexual assault and the negation of the prospect of consecutive sentences. In State v. Rodriguez, 179 N.J. Super. 129 (App.Div. 1981), we stated:
Nothing in this case suggests that defense counsel's inaccurate assurance regarding the possible sentence to be imposed resulted in a manifest injustice to defendant. Defendant received a substantial benefit from the plea arrangement as he did not have to stand trial for the more serious charge of aggravated sexual assault, a first degree offense for which he could have received 10 to 20 years if convicted. N.J.S.A. 2C:43-6(a)(2). Defendant told the trial judge that he understood that by pleading guilty to the lesser charge of sexual assault he could be sentenced to a maximum of ten years and fined up to $100,000, and in fact he received a lesser sentence of four years. The misunderstanding regarding the possibility of a noncustodial sentence was not the result of any assurance or understanding given by the prosecutor or the trial judge; moreover, defendant's expectation of a noncustodial sentence was unreasonable in light of the seriousness of the crime charged. The State complied with all terms of the plea arrangement, and neither defendant nor defense counsel protested at the time of sentencing that the sentence violated defendant's expectations. [at 136]
We hold that where there is no plea agreement precluding imposition of a minimum term before a defendant shall be eligible for parole, a sentencing judge has discretion to impose such a minimum term without thereby going beyond the terms of the plea agreement. Here, there was no inclusion of such a negotiated term. Thus, imposition of minimum parole eligibility time by the sentencing judge in his discretion under N.J.S.A. 2C:43-6b was not precluded by the plea agreement.
There are weighty considerations involved in attempting to include unexpressed expectations about such items as parole, anticipated prison release time, good and work time, or those conditions of imprisonment normally within the province of the Executive Branch of Government, the Corrections Department or the Parole Board. It is difficult to say with any real assurance that in such cases only oversight is involved as to *25 whether alternate sentencing provisions are openly negotiated. Subjective reasons or reasons of tactics or strategy might even dictate restraint in negotiating over more stringent prospects.
We are satisfied that whether or not a minimum parole term imposition was negotiable, the sentence here imposed complied with the agreement negotiated.
Our review of the entire record, including the nature of the offenses, their attendant circumstances, the presentence report and the sentencing judge's statement of reasons satisfies us that no compelling circumstances exist warranting our interference with the sentence which was within the discretion of the sentencing judge. State v. Whitaker, 79 N.J. 503 (1979); State v. Spinks, 66 N.J. 568 (1975).
Affirm.
NOTES
[1] The term derives from nunchaku, a karate weapon of self-defense, which consists of two hard-wood sticks securely connected with rope or chain.
[2] The amendments to this section by L. 1981, c. 31 (effective February 12, 1981) and c. 290 (effective February 24, 1981) have no impact here.