STATE OF NEW JERSEY, PLAINTIFF-APPELLANT AND CROSS-
RESPONDENT, v. FRANK KOVACK, DEFENDANT-RESPON-
DENT AND CROSS-APPELLANT.

Argued September 14, 1982—Decided December 7, 1982.

*Frank M. Gennaro,* Deputy Attorney General, argued the cause for appellant and cross-respondent (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney).

*Sheri Woliver,* Assistant Deputy Public Defender, argued the cause for respondent and cross-appellant (*Joseph H. Rodriguez,* Public Defender, attorney).

The opinion of the Court was delivered by

CLIFFORD, J.

The Appellate Division, in an unreported opinion, determined that when a criminal defendant pleads guilty in accordance with a plea agreement, the court taking that plea must "affirmatively inform defendant of the maximum period of parole ineligibility imposable" under the Code of Criminal Justice, *N.J.S.A.* 2C:1–1 to 65–4 and 98–1 to –4, particularly *N.J.S.A.* 2C:14–6, *N.J.S.A.* 2C:43–6 b. and c., and *N.J.S.A.* 2C:43–7 b. and c. (Code). The court below concluded that defendant's sentence violated the plea agreement because the sentencing court imposed a period of parole ineligibility even though such a provision was not contemplated by the agreement. The Appellate Division therefore remanded the case to the Law Division for further proceedings. In addition, it announced that its ruling would be given prospective effect only.

We granted certification, 91 *N.J.* 220 (1982), on the State's petition to review the Appellate Division's requirement that a defendant be informed of the possibility of imposition of a period of parole ineligibility, and on defendant's cross-petition to review the determination that that requirement would be given only prospective application. Defendant also seeks specific performance of his plea agreement.

On the State's appeal we affirm. We likewise affirm so much of the judgment below as denies defendant specific performance of his plea agreement. Finally, we endorse the ruling that a defendant must be informed of any period of parole ineligibility that is likely to become part of his sentence, but we do not limit the application of that requirement to prospective effect only. We therefore modify the judgment below to that extent and hold that the aforestated requirement pertains to all pleas entered since the effective date of the Code, September 1, 1979.

I

The facts and so much of the ruling below as bear upon the State's appeal may be taken from the Appellate Division's unreported opinion.

On November 3, 1980 defendant entered a plea of guilty to aggravated sexual assault, involving a thirteen year old female child, in violation of *N.J.S.A.* 2C:14–2 a. As part of the plea agreement, other counts of aggravated sexual assault and endangering the welfare of a child were dismissed. The State agreed that the custodial sentence would not exceed ten years. On January 26, 1981 another judge sentenced defendant to a custodial term of eight years and imposed a minimum parole ineligibility of four years. On appeal defendant contends that the eight year sentence is excessive and that the four years of parole ineligibility violated the plea agreement. However, defendant does not seek to vacate his plea; rather, he urges us to modify his sentence to conform to the plea agreement.

Preliminarily, we note that the defendant's plea of guilty to aggravated sexual assault triggered the provisions of the Sex Offender Act, *N.J.S.A.* 2C:47–1 to –7. Defendant was examined at the Adult Diagnostic and Treatment Center, and he was found not to fall within purview of *N.J.S.A.* 2C:47–3. Therefore, defendant received a correctional sentence in accordance with *N.J.S.A.* 2C:43–10a rather than a sentence as a sex offender.

*R.* 3:9–2 outlines the procedure and requirements for taking guilty pleas. As is here pertinent, the rule provides:

The court in its discretion may refuse to accept a plea of * * * guilty, and shall not accept such plea without first addressing the defendant personally and determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea and that the plea is made voluntarily * * * and with an understanding of the nature of the charge and the consequences of the plea.

While endeavoring to ensure that defendant was aware of the consequences of his plea, and in particular when he would be eligible for parole, the assistant prosecutor, defense attorney and the plea judge engaged in the following colloquy:

THE COURT: Is there any understanding with respect to a fixed minimum as far as a parole date is concerned?

MRS. MUNKACSI [prosecutor]: No, your Honor, there is no understanding.

MR. DOLAN: [defense attorney]: Except that I did review with Mr. Kovack the schedule on early eligibility and latest eligibility according to the chart, which he understands.

MR. DOLAN: Mr. Kovack, I have reviewed the plea bargaining with you at length and I did so on this past Friday morning—

A. Yes.

Q. The date escapes me, but it's now November 3rd and it was Friday before that, and at that time, we reviewed not only the sentence, the maximum

sentence of the ten years, but against that, we reviewed according to a chart that you had under the old statute you have available to you in the library I guess at the jail, is that right?

A. Yes.

Q. You had the earliest eligibility and the latest eligibility list?

A. That's correct.

Q. And the earliest eligibility that I reviewed with you then again today for about an hour showed that on a sentence of ten years, your earliest eligibility was one year and nine months and 13 days, not counting credits or minus credits and commutation time, correct?

A. Yes, sir.

Q. And I also indicated to you that under this sentence, if the Judge should give you as much as ten years, that the latest eligibility for parole would be two years six months and 21 days, again also minus credits and commutation time?

A. Absolutely.

Our review of the transcripts of the plea and the sentencing leads to the inescapable conclusion that defendant did not contemplate a period of parole ineligibility. The colloquy between the prosecutor, defense counsel and the court made it crystal clear that defendant was expecting to be exposed to the earliest and latest parole release dates quoted from the chart promulgated by the State Parole Board. The sentence he received was more than 95% larger than the maximum contemplated.

The discussion of parole release dates was undoubtedly intended to satisfy the requirements of *R.* 3:9–2 and *N.J.S.A.* 2C:44–1 c.(2). Before a plea judge can properly conclude that a defendant has entered a guilty plea knowingly, intelligently and with full knowledge of the consequences, the judge must advise defendant of the maximum custodial sentence and fine imposable. Otherwise, how can it be said that defendant knows the consequences of the plea if he is not told how much time he can serve? We interpret *R.* 3:9–2 as requiring nothing less. In this same connection, it was observed in *State v. Davis,* 175 *N.J.Super.* 130, 148 (App.Div.), certif. den., 85 *N.J.* 136 (1980):

When a plea is being negotiated, knowledge of one's ineligibility for parole is as necessary to an understanding of a plea as is knowledge of the maximum sentence possible.

Furthermore, *N.J.S.A.* 2C:44–1 c.(2) requires that the sentencing judge consider the defendant's eligibility for parole when imposing the sentence. Under the New Jersey Code of Criminal Justice the parole ineligibility is the backbone of the sentence. See *State v. Maguire,* 84 *N.J.* 508, 530 (1980); *State v. Hubbard,* 176 *N.J.Super.* 174, 188 (Resent. Panel 1980).

It is fundamental that when a defendant pleads guilty pursuant to a plea agreement, the terms of the agreement must be fulfilled. *Santobello v. New York,* 404 *U.S.* 257, 92 *S.Ct.* 495, 30 *L.Ed.2d* 427 (1971); *State v. Marzolf,* 79 *N.J.* 167, 183 (1979); *State v. Thomas,* 61 *N.J.* 314, 322–23 (1972). In *State v. Brockington,* 140 *N.J.Super.* 422, 427 (App.Div.), certif. den., 71 *N.J.* 345 *cert.* den., 429 *U.S.* 940 [97 *S.Ct.* 357, 50 *L.Ed.2d* 310] (1976), we stated:

> The terms of the plea agreements must be meticulously adhered to, and a defendant's reasonable expectations generated by plea negotiations should be accorded deference.

See also *State v. Taylor,* 80 *N.J.* 353, 364 (1979). *State v. Nichols,* 71 *N.J.* 358 (1976), is very similar to the present case. There the defendant was misinformed that he could be sentenced to life imprisonment for felony murder plus a concurrent sentence for the robbery which was the felony. The Court concluded:

> In these circumstances, where the responsible arms of the judicial and law enforcement establishment, together with defendant's own counsel, have misinformed him as to a material element of a plea negotiation, which the defendant has relied on in entering his pleas, as we conclude was here the case, it would be manifestly unjust to hold the defendant to his plea. [*Id.* at 361]

The State's reliance on *State v. Davis, supra,* is misplaced because of factual distinctions. There the defendant was convicted under Title 2A, and he knowingly and voluntarily elected to be sentenced under 2C (*N.J.S.A.* 2C:1–1 c.(2)). The court concluded that since defendant made his election, he was aware of parole ineligibilities. Additionally, the record does not disclose that the court and counsel informed the defendant when his earliest and latest parole release dates would be. The State also relies on *State v. Conover,* 181 *N.J.Super.* 20 (App.Div.), certif. den., 89 *N.J.* 392 (1981). For the reasons herein stated, we choose not to follow *Conover.*

In our view, where there exists a reasonable likelihood that a period of parole ineligibility will be imposed, as a matter of fundamental fairness the defendant should be advised of this contingency at the time the plea is taken. The touchstone is basic fairness to a defendant. Since a guilty plea constitutes a waiver of certain constitutional rights, a defendant must be made sufficiently aware of the consequences of his plea, which include parole ineligibility. [Footnote omitted.]

## II

In the face of this persuasive analysis we are unconvinced by the State's continued assertion that the Appellate Division's repudiation of *State v. Conover,* 181 *N.J.Super.* 20 (App.Div.),

certif. den., 89 *N.J.* 392 (1981), constituted reversible error. *Conover* held that a period of parole ineligibility may be imposed, if not specifically precluded by the plea agreement, even though the defendant has not previously been informed that his sentence may include such a provision. The State acknowledges that the terms of a plea agreement must be followed scrupulously, *see State v. Marzolf,* 79 *N.J.* 167, 183 (1979); *State v. Thomas,* 61 *N.J.* 314, 322–23 (1972), and that a defendant's reasonable expectations must be fulfilled, *see State v. Marzolf, supra,* 79 *N.J.* at 183, but contends that the terms of this defendant's bargain were carried out and his reasonable expectations satisfied. The argument rests on the notion that defendant was benefited by dismissal of other pending charges and negation of the prospect of consecutive sentences, and further on the assumption that inasmuch as the possible imposition of a period of parole ineligibility was not a negotiated term of defendant's plea bargain, the trial court's imposition of such a term cannot be said to extend beyond defendant's reasonable expectations. In addition, the State contends that defense counsel, not the court, bears the burden of explaining the sentencing options to the defendant.

█ Whatever benefits defendant may have received under the State's performance of its end of the plea bargain, the fact remains that the imposition of a period of parole ineligibility was manifestly beyond defendant's contemplation. We conclude that whereas a trial court need not explain to a defendant what the parole opportunities are in general, the court must make certain that defendant has been made aware of any *loss* of parole opportunities that may be a component of the sentence.

> Except for capital punishment, no other consequence [of a guilty plea] can be as significant to an accused as the period of possible confinement. When one enters a plea of guilty, [one] should be told what is the worst to expect. [*Berry v. United States,* 412 *F.*2d 189, 192 (3d Cir.1969).]

To the extent that *State v. Conover, supra,* conflicts with this principle, it is no longer authority.

Nor can the responsibility for assuring a defendant's awareness of a period of parole ineligibility be cast exclusively on the shoulders of defense counsel. *R.* 3:9–2 requires that the *court* determine whether a defendant fully understands "the nature of the charge and the consequences of the plea." Obviously, this is best accomplished by the court satisfying itself, through specific question and answer, that defendant understands the possibility that a stated period of parole ineligibility can be made part of the sentence.[1] Because the record before us makes it abundantly clear that defendant had no such understanding, the sentence cannot stand.

### III

Having determined that the sentence imposed violated the plea agreement because that agreement did not contemplate a period of parole ineligibility, we next consider the appropriate remedy. As part of his cross-appeal defendant argues for modification of the sentence by removal of the parole ineligibility term, so that he would in effect be granted specific performance of his plea agreement as he reasonably understood it.

Defendant's contention overlooks the role of the sentencing court in meting out any sentence to which the State and defendant have agreed. Neither party can bind the court; neither has an absolute right to have the sentence conform to the specific terms of the agreement. *State v. Davis,* 175 *N.J.Super.* 130, 140 (App.Div.), certif. den., 85 *N.J.* 136 (1980). Even

---

[1] The "Statement by Defendant" forms, LR–27 and 28, used for the taking of guilty pleas since July 1981 (some eight months after this defendant entered his guilty plea and more than five months after he was sentenced), require as item number seven that both the defendant and his attorney acknowledge by signing the form that the attorney has explained to defendant that "the court may be required to or can impose a term of parole ineligibility, or both * * *." As a matter of standard procedure the court should question defendant *in haec verba,* rather than simply by reference to whether the demand of "paragraph seven" has been met.

though the parties express their satisfaction with the agreed-upon sentence, a sentencing court can, within its broad discretion, refuse to accept any of the terms and conditions of a plea agreement, in which event a defendant is entitled to replead. *See, e.g., Santobello v. New York,* 404 *U.S.* 257, 264, 92 *S.Ct.* 495, 30 *L.Ed.2d* 427 (1971); *State v. Spinks,* 66 *N.J.* 568, 574 (1975). If a defendant withdraws from a plea agreement, then the State would be released from the terms of the bargain and could reinstate any dismissed counts. *See, e.g., State v. Nichols,* 71 *N.J.* 358, 361 (1976).

The Appellate Division correctly applied these principles by remanding the case with directions that defendant move for resentencing. It specifically ordered that the sentencing court decide whether to accept or reject the plea agreement as reasonably understood by defendant and as defined by the Appellate Division, namely, up to ten years in custody on one charge of aggravated sexual assault, with no period of parole ineligibility, and dismissal of the other counts of aggravated sexual assault and endangering the welfare of a child. The court below further directed that if the sentencing court were to accept the plea agreement as thus defined, then defendant should be resentenced without a term of parole ineligibility. If the court were to reject that plea agreement, then defendant should be given the following options: (1) withdraw the motion to be resentenced; (2) renegotiate the plea agreement, if the State is willing to do so; or (3) withdraw his guilty plea subject to reinstatement of the dismissed counts and proceed to trial.

The Appellate Division's terms of the remand are eminently sound under the circumstances of this case. Inasmuch as the sentencing judge was not the same judge who interrogated defendant at the plea hearing, it may be that the former was not aware of defendant's understanding of the plea agreement. Moreover, defendant neither objected nor moved for resentenc-

ing, see *R.* 3:21–10; hence, the sentencing judge had no opportunity to conform the sentence to the terms of the agreement.

Although it is true that the parties cannot be put back into their "square one" positions, since defendant has served over two years in confinement, we deem the remand disposition to represent the best accommodation of "pragmatic necessity" and "essential fairness" (see *State v. Thomas, supra,* 61 *N.J.* at 322) that the circumstances will allow. In this connection some significance attaches to the fact that the State carried out its side of the bargain; the period of parole ineligibility was imposed by the sentencing judge on his own initiative, not at the behest of the prosecutor.

## IV

■ Finally, we address defendant's contention that the ruling below must be given retroactive effect. In doing so we do not tarry long on the State's argument that because defendant will receive his remedy regardless of the outcome of the prospectivity issue, he is without standing to contest the Appellate Division's determination favoring prospectivity. The question is one of sufficient public importance, likely to surface again, to warrant our deciding it, even in the absence of an actual controversy between the litigants. *See, e.g., McGlynn v. Public Broadcasting Auth.,* 88 *N.J.* 112, 121 (1981).

This Court has had frequent occasion in recent years to speak to the law of retroactivity. See *State v. Catania,* 85 *N.J.* 418 (1981); *State v. Burstein,* 85 *N.J.* 394 (1981); *State v. Carpentieri,* 82 *N.J.* 546 (1980); *State v. Czachor,* 82 *N.J.* 392 (1980); *State v. Howery,* 80 *N.J.* 563 *cert.* den., 444 *U.S.* 994, 100 *S.Ct.* 527, 62 *L.Ed.2d* 424 (1979); *State v. Lueder,* 74 *N.J.* 62 (1977); *State v. Nash,* 64 *N.J.* 464 (1974). Our treatment of the subject is well summarized in *State v. Burstein, supra,* 85 *N.J.* at 402–11, and we need not repeat the Chief Justice's cogent analysis of the

pertinent decisions, for our focus is on what *Burstein, supra,* aptly characterizes as the threshold question: whether a new rule of law has been announced. This, because "[a]s the very term implies, retroactivity can arise only where there has been a departure from existing law." *Id.* at 403. We conclude that the requirement that a defendant who pleads guilty must be informed of any likely period of parole ineligibility that the court may impose is simply an application of long-standing principles to a fact situation projected by the Code, and is in no sense a departure from the law as it has long stood.

As we have sought to demonstrate, New Jersey has consistently demanded that its courts afford meticulous protection to a defendant who elects to plead guilty. See *supra* at 482–484, emphasizing the necessity that a defendant understand the consequences of his plea. This requirement has become such a staple of our plea process as to entitle it to the label "traditional." However, a term of parole ineligibility did not become a likely consequence of a guilty plea until the effective date of the Code, September 1, 1979. Therefore, rather than having articulated a "different" rule from one that prevailed before its determination, the Appellate Division simply stated the conventional rule in terms that took into account the Code provisions on parole ineligibility.

That *State v. Conover, supra,* reaching a different result, predated the Appellate Division's opinion in this case by five months does not afford a basis for concluding that the court below announced a "new rule." The conflict between *Conover* and the instant case demonstrates no more than that different parts of the Appellate Division gave divergent application to an accepted principle under similar facts. It would be manifestly unfair to penalize those defendants who entered guilty pleas between the date the Code became effective and the time its provisions were given definitive judicial resolution.

Accordingly, we hold that the requirement that a defendant who pleads guilty must be informed of any likely period of parole ineligibility that the court may include in the sentence is not to be restricted to prospective application only. In practical effect this means that the rule obtains as to all pleas entered since the effective date of the Code, September 1, 1979.

## V

The judgment below is modified, and, as modified, affirmed.

*For modification and affirmance* —Chief Justice WILENTZ, and Justices PASHMAN, CLIFFORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—7.

*For reversal* —None.