STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CLARENCE ALFORD, JR., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted August 16, 1983—Decided October 20, 1983.

---

Before Judges FURMAN, TRAUTWEIN and BRODY.

*Joseph H. Rodriguez,* Public Defender, attorney for appellant (*Maurice J. Molyneaux,* Assistant Deputy Public Defender, of counsel and on the letter brief).

*Irwin I. Kimmelman,* Attorney General, of New Jersey, attorney for respondent (*Thomas J. Santangelo,* Deputy Attorney General, of counsel and on the letter brief).

The majority opinion of the court was delivered by

FURMAN, J.A.D.

Defendant was convicted on multiple counts for possession of heroin with intent to distribute, possession of cocaine and conspiracy to commit narcotics offenses, following his *retraxit* pleas of guilty. He was sentenced to an aggregate custodial term of 12 years, fines totaling $15,000 and penalties totaling $100.

On appeal defendant argues that the total fine imposed on him was not in accordance with the plea agreement between the prosecutor and himself. At the taking of defendant's plea to two indictments, the assistant prosecutor stated that the maximum custodial term would be five years with no minimum parole ineligibility term and without reference to any fine and that "I've stated everything in the plea bargain." At the taking of defendant's plea to the third indictment, the court asked, after defendant stated that he understood that the maximum custodial term would be 12 years, "Was there a fine or just the

straight 12 years?" Defendant's attorney responded, "Straight 12 years." In sentencing, fines of $5,000 were assessed upon conviction on each of the three indictments.

■ In our view, as a matter of law the total fine of $15,000 was an integral and material part of defendant's sentence and was beyond his reasonable expectations at the time of the entry of his pleas. We, therefore, vacate the entire sentence imposed on defendant and remand for resentencing, in accordance with *State v. Kovack*, 91 *N.J.* 476 (1982).

■ We reject as clearly without merit defendant's additional argument that his aggregate 12 year custodial sentence was manifestly excessive and an abuse of judicial discretion. *R.* 2:11–3(e)(2); *State v. Whitaker*, 79 *N.J.* 503, 512–514 (1979).

■ One other matter should be dealt with. The sentence improperly directed that one-half of the total fine and penalty be paid before defendant's release. This mandate was an unwarranted infringement on the exclusive authority of the State Parole Board. *N.J.S.A.* 30:4–123.59(g); *State v. Lavelle*, 54 *N.J.* 315, 322 (1969).

We vacate the entire sentence imposed on defendant and remand for resentencing. The sentencing court may reimpose its sentence without the fines of $15,000. If it decides not to, defendant may withdraw his motion for resentencing and accept his original sentence; he may renegotiate a plea agreement; or he may withdraw his pleas of guilty subject to reinstatement of several dismissed counts and proceed to trial. We do not retain jurisdiction.

BRODY, J.A.D., dissenting.

In my view *State v. Kovack*, 91 *N.J.* 476 (1982), does not compel vacating this sentence unless, after an evidentiary hearing, the trial judge finds that defendant was unfairly prejudiced by the imposition of the fine. Unlike the record in *Kovack*, the record here does not demonstrate "that the imposition of a

period of parole ineligibility was manifestly beyond defendant's contemplation." *Id.* at 483. Whatever defendant may have contemplated is not manifest from this record. Nor are the consequences of failing to warn of a fine as grave to a defendant as a loss of liberty imposed without warning.

Because defendant never moved for resentencing or to withdraw his plea, no evidence was presented that the fine exceeded what defendant contemplated. Although the exchange quoted by the majority between the judge and defendant's attorney would corroborate a claim by defendant that he was misled, the fact is that neither defendant nor his attorney is making that claim. The only objection they raised after the judge imposed the fine and the only objection to the fine raised on appeal is to the unlawful condition that defendant pay half the fine before being released on parole. Defendant's attorney did complain to the trial judge that the custodial sentence as first imposed "exceeded the bargain" but made no similar objection regarding the fine. The judge immediately reduced the custodial sentence to satisfy the objection.

Defendant's reference to *Kovack* in his brief is only to support his argument that by conditioning defendant's release upon payment of the fine, the judge in effect attached a form of parole disqualification which defendant had no reason to anticipate in light of the plea agreement. In this regard defendant is correct. The remedy, however, is not to vacate the sentence, but to strike the unlawful condition as this court has done.

Even if I were satisfied that defendant was misled regarding the imposition of a fine, I do not believe that *Kovack* requires that the sentence automatically be vacated. A fine is not the same as a loss of liberty. An unbargained-for $30 fine would undoubtedly be more acceptable to a defendant than an unbargained-for 30-day jail term. I would treat a defendant not informed or misinformed of the possibility of a fine like a defendant not informed or misinformed regarding the merger of charges being plea-negotiated. The sentence in such a case

should be vacated only "where, from an objective standpoint, it appears there is a significant possibility that the misinformation imparted to the defendant could have directly induced him to enter the plea...." *State v. Taylor,* 80 *N.J.* 353, 365 (1979).

I would therefore remand so that the trial judge can determine if the fine was beyond defendant's reasonable expectations when he entered his plea. Should the judge determine that it was, the judge should then determine if the assurance of no fine directly induced defendant to enter the plea. In arriving at that determination the judge should consider all the circumstances including the amount of the fine, defendant's ability to pay and the relative significance of the fine compared with the benefits defendant received under the plea agreement. *See State v. Taylor, supra,* 80 *N.J.* at 366–67. Should the judge determine that defendant was thereby misled into entering these pleas, the plea agreement will be deemed a bar to the imposition of a fine. The judge should then decide whether to accept or reject the agreement in that form. Should the judge reject the agreement, defendant must elect whether to accept the sentence previously imposed or proceed to trial of the indictments, including the previously dismissed counts, subject to acceptance of any renegotiated plea. *See State v. Kovack, supra,* 91 *N.J.* at 485.