STATE OF NEW JERSEY v. DAVID JOHN VITALE.

October 22, 1985.

This matter having come before the Court on defendant's motion to reconsider the denial of certification;

And it appearing that although the defendant has pleaded guilty to manslaughter, a violation of *N.J.S.A.* 2C:11–4b., the fact of death does not establish an independent aggravating circumstance under *N.J.S.A.* 2C:44–1a, *see State v. Link,* 197 *N.J.Super.* 615 (App.Div.1984);

And it further appearing that the sentencing record before us does not reveal how the Court resolved the factual issue as to the aggravating factor number (1) under *N.J.S.A.* 2C:44–1a as to the role of the defendant as actor and whether the offense occurred in a "especially heinous, cruel or depraved manner," *see State v. Roth,* 95 *N.J.* 334, 363 (1984) (sentencing discretion must "be based upon findings of fact that are grounded in competent, reasonably credible evidence");

And it further appearing that the sentencing transcript does not reveal an articulation of balancing of aggravating and mitigating factors required to establish the base or parole ineligibility terms under *N.J.S.A.* 2C:43–6 and *N.J.S.A.* 2C:44–1f,;[1]

And it further appearing that defendant was not advised at the time of entry of a plea of his possible exposure to a period of parole ineligibility, as required by *State v. Kovack*, 91 *N.J.* 476, 484 (1982);

It is ORDERED that the motion for reconsideration of denial of petition for certification is granted, certification is granted, and the matter is summarily remanded to another judge of the vicinage to be selected by the Assignment Judge for resentencing and for that judge to set forth on the record the factual basis for determining the defendant's role in the death and to articulate the balancing of the aggravating and mitigating factors thus determined in accordance with the Code; and it is further

ORDERED that defendant is granted leave to withdraw his plea of guilty and may thereafter replead or proceed to trial.

Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, O'HERN, GARIBALDI, and STEIN join in this Order.

Justice POLLOCK dissents from the Order and would deny the motion.

---

[1]The recital that "a custodial term must be imposed to punish the defendant, to deter others and to protect the public" is relevant only to a sentence to crimes of the third or fourth degree, *N.J.S.A.* 2C:44–1e. Manslaughter is a crime of the second degree, *N.J.S.A.* 2C:11–4c., and a custodial sentence is presumed. *N.J.S.A.* 2C:44–1f; *State v. Roth*, 95 *N.J.* 334, 358 (1984).