STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
TAALIB DIN NAJI, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 9, 1985—Decided November 7, 1985.

Before Judges KING, O'BRIEN and SIMPSON.

*Edward P. Hannigan*, Assistant Deputy Public Defender, argued the cause for appellant (*Thomas S. Smith*, Acting Public Defender, attorney).

*Larry R. Etzweiler*, Deputy Attorney General, argued the cause for respondent (*Irwin I. Kimmelman*, Attorney General, attorney).

The opinion of the court was delivered by

KING, P.J.A.D.

In this case defendant raises a double jeopardy issue after his resentencing pursuant to the doctrine announced in *State v. Kovack*, 91 *N.J.* 476, (1982). Defendant contends that (1) the sentencing judge had no jurisdiction to increase the sentence previously imposed upon him and (2) the increased sentence violated the Double Jeopardy clauses of the State and Federal constitutions. *See State v. Lynch*, 79 *N.J.* 327, 340 (1979). We disagree and affirm but will allow defendant to file an amended notice of appeal *nunc pro tunc* on the issue of excessiveness of his sentence, an issue not raised on this appeal to date. *See generally State v. Yarbough*, 100 *N.J.* 627 (1985) for a recent opinion on sentencing.

These are the facts. Cumberland County Indictment No. 182–80 charged defendant Taalib Din Naji with a series of offenses arising from three unrelated robberies. In Counts One, Two, Three and Four the victim was Sam Greco and

defendant was charged with robbery, *N.J.S.A.* 2C:15–1 (Count One); possession of a handgun for an unlawful purpose, *N.J.S.A.* 2C:39–4(a) (Count Two); aggravated assault, *N.J.S.A.* 2C:12–1(b)(2) (Count Three) and unlawful possession of a handgun, *N.J.S.A.* 2C:39–5(b) (Count Four). In parallel Counts Five, Six, Seven and Eight the robbery victim was Michael Bianco; also in parallel Counts Nine, Ten, Eleven and Twelve the robbery victim was Keith Hundall. On March 13, 16 and 17, 1981 defendant was tried on Counts One through Four before Judge Kleiner and a jury and was found guilty on all four counts.

Pursuant to *R.* 3:21–4(d) the State filed a motion for imposition of an extended term. *See N.J.S.A.* 2C:44–3(a). At the hearing on April 15, 1981 the State agreed to withdraw the motion for the imposition of an extended term in exchange for defendant's agreement to enter guilty pleas to Counts Five through Twelve. Defendant then appeared before Judge Kleiner and pled guilty to Counts Five through Twelve.

Judge Kleiner sentenced defendant to a term of 20 years with a minimum parole ineligibility term of ten years on Count One, a concurrent term of four years on Count Two, a concurrent term of 18 months on Count Three, a concurrent term of four years on Count Four, a term of 20 years with a minimum parole ineligibility term of ten years on Count Five to run consecutively with Count One, terms of four years each on Counts Six, Seven and Eight to run concurrently with Count Five, a term of 20 years with a minimum parole ineligibility term of ten years on Count Nine to run consecutively with Count Five and terms of four years each on Counts Ten, Eleven and Twelve to run concurrently with Count Nine. Defendant's aggregate sentence thus was 60 years with a minimum parole ineligibility term of 30 years. Defendant appealed and in an opinion by another panel of this court issued on December 23, 1982 we agreed with defendant's *Kovack* contention and remanded the matter to the Law Division for further proceedings, (Docket No. A–4076–80T4).

Defendant then appeared before Judge Kleiner on February 14, 1983 for resentencing. He withdrew his guilty pleas on Counts Five through Twelve and the judge reinstated the State's motion for the application of an extended term. On May 12, 1983 the parties appeared before the judge for a hearing on the State's motion for an extended term. Differences then arose as to the interpretation of our decision. Judge Kleiner postponed consideration of the merits of the motion until defendant could pursue an interlocutory appeal. Defendant's motion for leave to appeal was denied by both this court and the Supreme Court.

On November 7, 1983 Judge Kleiner granted the State's motion for the imposition of an extended term and resentenced defendant on Counts One through Four. Defendant was sentenced to a term of life with a minimum parole ineligibility term of 25 years on Count One, a concurrent term of seven years on Count Two, four years concurrently on Count Three and 18 months concurrently on Count Four.

Trial on the remaining counts of the indictment involving the Bianco and Hundall robberies was scheduled for December 13, 1983. On that day defendant agreed to enter a bargained guilty plea and appeared before Judge Serata; he pled guilty to Count Nine of the indictment charging him with armed robbery.

On December 20, 1983 defendant filed this notice of appeal. This appeal encompasses only the first four counts of the indictment for which Judge Kleiner had imposed an aggregate life term with 25 years of parole ineligibility. On January 13, 1984 Judge Serata sentenced defendant on Count Nine to the agreed upon presumptive term of 15 years to run concurrent with and retroactive to the sentence imposed by Judge Kleiner. Pursuant to the plea agreement Judge Serata merged Counts Ten, Eleven and Twelve into Count Nine and dismissed Counts Five through Eight.

On the original appeal to this court defendant's attorney had raised two issues: (1) that the judge's refusal to disclose the identity of the informer was an abuse of discretion and (2)

defendant's sentence was excessive. Defendant filed a *pro se* brief repeating these contentions and raised the *Kovack* issue, *see* 91 *N.J.* 476 (1982). He also urged that the terms of parole ineligibility imposed on Counts Five and Nine were illegal and requested resentencing on these counts. We found the informant issue without merit and affirmed the verdict of guilty. However, we agreed with defendant's *Kovack* contention because he had not been advised that a term of parole ineligibility could be imposed on Counts Five and Nine. We said that "when the pleas were taken, defendant was not advised of the possibility that the court could impose parole ineligibility as part of the plea agreement."

We instructed the trial judge to first decide whether to accept or reject the plea agreement which did not provide for parole ineligibility. We further stated

If the court accepts the plea without the ability to impose parole ineligibility, then defendant is to be resentenced without a term of parole ineligibility. If it is rejected, then defendant must exercise one of the following options: (1) withdraw the motion to be resentenced; (2) renegotiate the plea agreement; or (3) withdraw his guilty plea and proceed to trial on counts 5 through 12 of the indictment.

At the resentencing hearing the State pointed out to the trial judge that our decision omitted the precise characterization of the plea agreement. Specifically, the State noted that defendant was a persistent offender and the State had made an application for imposition of an extended term. The State further noted that the only reason it withdrew its motion for persistent offender treatment was defendant's agreement to enter pleas of guilty to Counts Five through Twelve.

The trial judge concluded that our decision placed the defendant back at "square one" and explained his position.

Pleas without a recommendation in exchange for the withdrawal by the prosecutor of it's motion for extended term. That was the plea agreement. So I am put back in the status quo, that is, I must now determine with this the day Mr. Naji appeared before me and, if in fact I knew that I could not sentence him to minimum parole ineligibility, would I have accepted his pleas of guilty to counts five through nine knowing that the prosecutor would be withdrawing his motion for extended term.

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

Obviously, since an illegal sentence was imposed, the Court can impose any sentence it would have and could have imposed provided that there was a plea agreement, as I perceive it.

In their case there was a plea agreement and the defendant is now back into the position of standing before the Court having been found guilty at trial of armed robbery under counts one through four, and standing before the Court with a plea agreement which says the prosecutor will move to set aside or dismiss it's motion for an extended term in exchange for the defendant's plea of guilty without a recommendation on counts five through nine.

Under State versus Kovack if the Court accepts the plea without the ability to impose the parole ineligibility, the defendant is to be re-sentenced without a term of parole ineligibility. If it is rejected, the defendant must exercise one of the following options: one, he may withdraw the motion to be re-sentenced; two, he can renegotiate a new plea agreement; or, three, he may withdraw his guilty plea and proceed to trial on counts five through twelve.

Since assuming he exercised the last option, then he would be standing before the Court today for re-sentencing under counts one through four and for a hearing as to the motion for extended term. That's how I perceive it.

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

... So it may be articulated to what my thinking is: I clearly knew that the prosecutor was moving for an extended term which would be, result in a possible sentence of life in prison must do twenty-five years on that count—on those counts with further trials potentially to be scheduled on the remaining counts of the indictment. And, I obviously expected the pleas of guilt and imposed a sentence practically equivalent to life must do twenty-five which total sixty, must do twenty-five after the reduction by the Parole Board.[1]

I will not accept the plea agreement.

The judge told defendant to choose the option he wanted the court to exercise and added that if he chose the third option the court would reinstate the motion for extended term. After conferring with his lawyer, defendant elected the third option and withdrew his plea on Counts Five through Twelve.

At the hearing on the motion for an extended term defendant was represented by a new lawyer. Defendant argued that the sentence on Counts One through Four had been affirmed by the Appellate Division and objected to the hearing on the motion

---

[1] In 1981 at the time of the original sentencing the Parole Board had interpreted the Parole Act as permitting a maximum parole disqualifier of no more than 25 years. We have been informed by the Parole Board that this interpretation is no longer followed; the minimum parole disqualifier set by the sentencing judge now controls.

for an extended term. As noted, after defendant's applications for leave to appeal were determined adversely, the trial judge granted the State's motion for an extended term. Defendant was sentenced to life imprisonment with a minimum parole ineligibility of 25 years on Count One, concurrent terms of seven years on Count Two, four years on Count Three, and 18 months on Count Four. As noted, defendant later pled guilty to Count Nine and was sentenced to a presumptive term of 15 years, concurrent with and retroactive to the sentence on Count One; Counts Ten through Twelve were merged into Count Nine and Counts Five through Eight were dismissed.

Defendant contends that the sentencing judge had no jurisdiction to change the sentences on Counts One through Four. He asserts that the original sentence of ten to twenty years was, in effect, affirmed by the Appellate Division. We disagree. Because of the *Kovack* objection we were unable to pass upon the validity of the sentencing scheme from the quantitative viewpoint on the first appeal. We now decline to vacate the 25-year to life sentence and to reinstate the ten-to twenty-year aggregate sentence originally imposed on Counts One through Four. We conclude that the sentences were legal, but do so without prejudice to defendant's right to contend that they were excessive.

As a result of our prior remand, the defendant and the State were returned as closely to their respective "square one" positions as possible. This is the mandate of *Kovack. See* 91 *N.J.* at 486. As defendant himself states in his *pro se* brief, the relief sought was restoration of the *status quo ante.*

Thus defendant argues accordingly: That the sentencing judge's failure to demonstrate the above cited requirements, defendant submits this court should direct this cause to be remanded back to the sentencing court for resentencing pursuant to *R.* 3:21–10a, that the sentencing court either decide whether to accept or reject the plea agreement on the remaining counts of the indictment or if the plea is accepted the defendant is to be resentenced without a term of parole ineligibility, or if the plea is rejected the defendant must exercise the following options: (1) withdraw the plea agreement and *the reinstatement of the state's application for the extended term and proceed to trial.* [Emphasis supplied].

██ If a defendant withdraws from a plea agreement, the State is released from the terms of the bargain and may reinstate any dismissed counts. *Kovack*, 91 *N.J.* at 485. *State v. Gibson*, 68 *N.J.* 499, 513 (1975); *State v. Saperstein*, 202 *N.J.Super.* 478, 483 (App.Div.1985). We extend this reasoning to the right to reinstate the application to treat defendant as a persistent offender under *N.J.S.A.* 2C:44–3(a). Moreover, we cannot escape the fact that defendant's mandatory period of parole disqualification, certainly the more significant aspect of his sentence, is now 25 years, five years less than the previous parole disqualifier imposed as part of the 30 to 60-year sentence.

██ We also reject defendant's double jeopardy and due process argument. We do not find the principle of double jeopardy implicated where defendant himself sought the relief of resentencing and was accordingly returned to his original position. Here the slate was wiped clean, *see North Carolina v. Pearce*, 395 *U.S.* 711, 721, 89 *S.Ct.* 2072, 2078, 23 *L.Ed.*2d 656 (1969), and defendant's original sentence was not enhanced; he was given a new sentence totally consistent with the original exposure. *Cf. State v. Ryan*, 86 *N.J.* 1, 8–9, *cert.* den. 454 *U.S.* 880, 102 *S.Ct.* 363, 70 *L.Ed.*2d 190 (1981). Defendant was not subjected, oppressively and vexatiously, to multiple or enhanced punishment. He chose to be resentenced fully aware of the possible benefits and detriments. His eyes were open. He cannot claim a vested right to the benefits of the prior sentencing scheme and abjure the detriments of the new sentencing scheme. *See State v. McMeekin*, 204 *N.J.Super.* 496, 508 (App.Div.1985).

██ We recognize, and the State concedes, that the sentences imposed on Counts Three and Four are illegal. Defendant was convicted of aggravated assault in the fourth degree, *N.J.S.A.* 2C:12–1(b) (Count Three), and possession of a handgun without a permit, a third-degree offense, *N.J.S.A.* 2C:39–5(b) (Count Four). (Da 20). At the sentencing the judge sentenced defendant as follows

for aggravated assault, a crime in the third degree, the sentence of the Court is that you serve a presumptive sentence of four years ... and for possession of a firearm without the requisite permit which is a crime in the fourth degree, the sentence of the Court is that you be sentenced to a term of 18 months...

The routine sentence for a fourth-degree crime may not exceed 18 months and the extended term for fourth-degree aggravated assault is five years. *N.J.S.A.* 2C:43–6(a)(4); *N.J. S.A.* 2C:43–7(a)(5); *N.J.S.A.* 2C:44–3(d). In the case of a third-degree crime the routine sentence is between three and five years and the extended term is between five and ten years. *N.J.S.A.* 2C:43–6(a)(3); *N.J.S.A.* 2C:43–7(a)(4). The presumptive term for a third-degree offense is four years; the presumptive term for a fourth-degree offense is nine months. *N.J.S.A.* 2C:44–1(f). Neither of the sentences imposed conform to the crimes for which the defendant was convicted. The matter is remanded for correction of the sentences imposed on Counts Three and Four; jurisdiction is not retained.

The defendant is granted the right to file an amended notice of appeal, if he desires, to raise the issue of the alleged excessiveness of the sentences imposed in this matter.

