STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
MATTHEW M. GROSS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 17, 1988—Decided May 18, 1988.

Before Judges MICHELS, SHEBELL and GAYNOR.

*Mordecai Garelick,* Assistant Deputy Public Defender, argued the cause for appellant (*Alfred A. Slocum,* Public Defender, attorney; *Mordecai Garelick,* of counsel and on the letter brief).

*Craig L. Barto,* Assistant Somerset County Prosecutor, argued the cause for respondent (*Nicholas L. Bissell, Jr.,* Somerset County Prosecutor, attorney; *Craig L. Barto,* of counsel and on the letter brief).

The opinion of the court was delivered by

MICHELS, P.J.A.D.

The pivotal issue posed by this appeal is whether a defendant's New Jersey driver's license may be revoked under *N.J.S. A.* 2C:43–2 c for violation of *N.J.S.A.* 39:10–7.

Following plea negotiations, defendant Matthew M. Gross pleaded guilty to possession of a motor vehicle knowing that the manufacturer's vehicle identification number had been removed in violation of *N.J.S.A.* 39:10–7. The State, for its part of the plea agreement, recommended a non-custodial probationary term without a community service requirement and a maximum fine of $750. In accordance with the plea agreement, the trial court sentenced defendant to a two-year probationary

term without community service and fined him $750. In addition, the trial court, finding that defendant was "a dangerous person" and "a persistent violator of Title 39" revoked his New Jersey driver's license for six months. As authority for the revocation of the license, the trial court relied upon *N.J.S.A.* 2C:43–2 c, which, in pertinent part, provides:

> Instead of or in addition to any disposition made according to this section, the court may postpone, suspend, or revoke for a period not to exceed 2 years the driver's license, registration certificate, or both of any person convicted of a crime, disorderly persons offense, or petty disorderly persons offense in the course of which a motor vehicle was used.

Defendant appeals, contending that the revocation of his driver's license was improper because *N.J.S.A.* 2C:43–2 c does not apply to the offense for which he was convicted and, alternatively, if it did apply, the revocation was a significant penal consequence of his guilty plea which was not part of the plea agreement and, therefore, his guilty plea must be vacated and the matter remanded to the trial court for further proceedings in accordance with the principles enunciated in *State v. Kovack*, 91 *N.J.* 476 (1982).

The license revocation provision set forth in *N.J.S.A.* 2C:43–2 c was added to the New Jersey Code of Criminal Justice (Code) by a 1981 amendment, *L.*1981, *c.* 269, § 2. The stated purpose of the bill amending the Code was "to permit the court to revoke the driving privileges of a person who has used a motor vehicle in the course of committing a crime, an offense, or a delinquent act." (Sponsor Statement, Senate Bill 3085, 1981). The obvious application of that section is to situations where a crime or offense has been committed and a motor vehicle was used in aiding or facilitating the commission of that crime or offense or a motor vehicle was somehow used in connection with the unlawful activity. In such cases, the use or possession of the motor vehicle is not the proscribed conduct. The criminal activity is independent of the use or possession of the motor vehicle. Revocation of a driver's license under these circumstances would serve to deter the individual from committing further similar crimes since he would then be unable to operate

an automobile. By taking away the defendant's driving privileges the court attempts to take away "the vehicle" or "instrument" which facilitated the commission of the underlying offense.

Here, mere possession of the motor vehicle by defendant, knowing that the vehicle identification number had been removed, constituted the offense. *See N.J.S.A.* 39:10-7. The motor vehicle was not used in connection with a crime nor was it used to aid or facilitate the commission of a crime by defendant. Possession of the motor vehicle was the proscribed conduct. *N.J.S.A.* 2C:43-2 c was intended to empower the court to revoke the driving privileges of a defendant where those driving privileges were used as an instrument to aid or facilitate the commission of some criminal activity, beyond a mere motor vehicle violation.

In our view, the Legislature never intended to permit the trial court to revoke a defendant's driver's license for a *Title* 39 motor vehicle offense through the enactment of *N.J.S.A.* 2C:43-2 c. *Title* 39 contains its own provisions for license revocation as a penalty for violation of the provisions of that title. Each section of *Title* 39 providing for the suspension of a driver's license by the Director of the Division of Motor Vehicles (Director) has built-in due process requirements. The penalties for violation of *N.J.S.A.* 39:10-7 are set forth in *N.J.S.A.* 39:10-24.

It should be noted that *N.J.S.A.* 39:5-30 provides for the suspension or revocation of a driver's license for violations of any of the provisions of *Title* 39. These provisions accord a defendant due process of law. Therefore, it appears that the Legislature has already provided a means by which drivers' licenses may be revoked or suspended for motor vehicle violations. As such, *Title* 39 offenses are not included within the intendment of *N.J.S.A.* 2C:43-2. There is no indication that the Legislature intended that *N.J.S.A.* 2C:43-2 c supersede the pertinent revocation provisions of *Title* 39. Consequently, trial

courts should not be permitted to use *N.J.S.A.* 2C:43-2 c as a device to revoke a defendant's driver's license where the motor vehicle offense for which he was convicted specifically delineates the procedures for license revocation. To do so would allow a trial court to circumvent the due process requirements set forth by the Legislature.

This construction is not at odds with the express language of *N.J.S.A.* 2C:43-2 c. That section, as pointed out above, permits a court to revoke a person's driving privileges where he has used a motor vehicle in the course of committing a crime or offense. A rational application of that section would exclude motor vehicle offenses from its intendment since virtually all motor vehicle offenses under *Title* 39 necessarily involve the use or possession of a motor vehicle. The apparent goal of revocation pursuant to *N.J.S.A.* 2C:43-2 c is to deter the underlying crime or offense for which the motor vehicle was used to facilitate. In a *Title* 39 violation there is no underlying crime or offense other than the use or involvement of the motor vehicle. Thus, *N.J.S.A.* 2C:43-2 c was intended to allow a court to revoke a person's driving privileges only where he uses a motor vehicle as an instrument to facilitate the commission of a crime or offense or where a person's driving privileges are used in connection with some criminal activity. Absent some form of underlying criminal activity, beyond a mere motor vehicle violation, *N.J.S.A.* 2C:43-2 c is inapplicable.

Consequently, we hold that the possession of a motor vehicle with a missing vehicle identification number in violation of *N.J.S.A.* 39:10-7 is not within the purview of *N.J.S.A.* 2C:43-2 c and, therefore, the trial court lacked the power to revoke defendant's New Jersey driver's license. In view of this conclusion, which results in defendant being granted the relief sought on this appeal, we need not consider the other issues raised.

Accordingly, except to modify the sentence to vacate the revocation of defendant's New Jersey driver's license, the judgment under review is affirmed.