NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4540-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ELIZABETH SILVA,

 Defendant-Appellant.
__________________________________

 Argued October 4, 2017 – Decided October 23, 2017

 Before Judges Koblitz and Manahan.

 On appeal from Superior Court of New Jersey,
 Law Division, Monmouth County, Municipal
 Appeal No. 16-005.

 Matthew W. Reisig argued the cause for
 appellant (Reisig Criminal Defense & DWI Law,
 LLC, attorneys; Mr. Reisig, on the brief).

 Ian D. Brater, Assistant Prosecutor, argued
 the cause for respondent (Christopher J.
 Gramiccioni, Monmouth County Prosecutor,
 attorney; Mr. Brater, of counsel and on the
 brief).

PER CURIAM

 Defendant Elizabeth M. Silva appeals from her conviction

after pleading guilty to refusal to submit to a breath test. On
appeal, Silva argues that the plea colloquy did not satisfy the

elements of the offense based upon her testimony, the plea

proceeding was improper, and the court erroneously relied upon a

prior plea allocution. Having carefully reviewed the record and

arguments raised on appeal, we affirm.

 As we write for the parties and their respective counsel,

there is no need to recite the extensive prior procedural history

in detail. Suffice it to state that subsequent to Silva's original

conviction for driving while intoxicated (DWI) and for refusal to

submit to a breath test, after appeal to this court, we reversed

and remanded to the municipal court for trial. State v. Silva,

No. A-1011-13 (App. Div. March 19, 2015) (slip op. at 15).

 On December 16, 2015, after Silva's motion to recuse the

municipal court judge who presided over her original plea was

denied and then upheld by the Law Division, she appeared before

that judge with counsel and pled guilty to refusal. The remaining

charges originally lodged against her, including the DWI, were

dismissed on motion of the prosecutor.

 During the plea proceeding, Silva stated that she desired to

plead guilty and was entering her plea knowingly and voluntarily.

Silva also acknowledged that she was satisfied with her attorney's

representation.

 2 A-4540-15T3
 The court commenced the elicitation of the factual basis by

reviewing with Silva the factual basis she provided during her

October 2011 plea of guilty to the refusal, in which she admitted

under oath that she "did not take the breathalyzer test."

 Silva's defense counsel then elicited the following testimony

from her relative to her guilty plea:

 [Q.] Now, Ms. Silva, let me take you back
 to July [30,] 2011. Do you have a
 recollection of that date?

 [A.] Yes.

 [Q.] And you were arrested in the
 driver's seat of a motor vehicle
 [here in] Belmar when police came
 upon, came upon you, is that
 correct?

 [A.] Correct.

 [Q.] And the car was running, is that
 correct?

 [A.] Correct.

 [Q.] And you agree that the officers —
 And you had been at Bar A, correct?

 [A.] Correct.

 [Q.] And you told the officers that,
 correct?

 [A.] Correct.

 [. . . .]

 3 A-4540-15T3
[Q.] And the officers had you engage in
 what we call Field Sobriety Testing,
 do you remember that?

[A.] Yes.

[Q.] And do you remember that they also
 had you stand heel to toe, and walk
 heel to toe in a particular way, is
 that correct?

[A.] Correct.

[Q.] And do you agree that based on the
 observations that they made, as they
 put it in their police reports,
 based on the information you gave
 them, that at that time they had
 good reason to arrest you for the
 purpose of continuing an
 investigation as to whether or not
 you were driving while under the
 influence. Do you agree with that?

[A.] Uh huh.

[Q.] You have to say yes or no.

[A.] Yes.

[Q.] Okay. Now, you know we've discussed
 that, but that's what we call the
 factual element of probable cause to
 arrest you for DWI. You understand
 that, correct?

[A.] Correct.

[Q.] And the officers then brought you
 back here to police headquarters, is
 that right?

[A.] Right.

 4 A-4540-15T3
[Q.] And an [o]fficer read to you a
 document called a Standard
 Statement. Do you understand?

[A.] Correct.

[Q.] And you and I have gone over that
 Standard Statement, is that right?

[A.] That's right.

 [. . . .]

[Q.] Let me show you that. This is the
 document we've been referring to.
 Is that right?

[A.] That's right.

[Q.] You and I have had a chance to go
 over that and talk about that,
 correct?

[A.] Correct.

[Q.] And you agree that — [n]ow, there's
 two parts to this document. There's
 a top part where it says, "The
 arresting officer must read the
 following to the defendant. Full
 text of Standard Statement
 follows." Do you see that section?

[A.] Yes.

[Q.] And you agree that the officer,
 whoever it was, read you the
 statements that are printed on the
 top part of what we're going to
 label as J-2. Do you understand
 that?

[A.] I understand.

 5 A-4540-15T3
[Q.] And then there's a place where an
 answer has been inserted. Is that
 correct?

[A.] Correct.

[Q.] And that answer was what?

[A.] That's fine.

[Q.] Those are your words, correct?

[A.] Correct.

[Q.] And then the officer proceeded to
 have you submit breath samples, is
 that correct?

[A.] Correct.

 [. . . .]

[Q.] Now, Ms. Silva, you and I have had
 a chance to review this document
 that we've identified as J-1 many
 times, isn't that right?

[A.] Right.

[Q.] You recognize this as the Alcohol
 Influence Report Form, which is the
 record of the attempts you made to
 submit breath samples, is that
 correct?

[A.] Correct.

[Q.] And as you look at J-1, you made how
 many attempts to submit breath
 samples?

[A.] Seven.

[Q.] And did the instrument accept those
 samples? And you understand the

 6 A-4540-15T3
 instrument did not accept your
 breath samples, is that right?

 [A.] Right.

 Following Silva's plea allocution, the court placed the

results of her attempts to submit breath samples, as indicated in

the Alcohol Influence Report (AIR), on the record. The AIR was

admitted into evidence as a joint exhibit.

 The court then permitted the municipal prosecutor, with

comment but without objection by Silva's counsel, to supplement

her factual basis with testimony from the arresting officer and

testimony from the officer who administered the Alcotest. The

arresting officer's testimony was limited to Silva's operation of

the motor vehicle. The Alcotest officer testified as to Silva's

failed attempts to provide an adequate breath sample.

 At the conclusion of the proceeding, the court accepted

Silva's guilty plea, finding that her plea was knowing,

intelligent, and voluntary. The court also found that the plea

was supported by "more that an adequate factual basis." Upon

review of the statutory elements for refusal, the court held that

the elements were satisfied by the testimonial and documentary

evidence. Silva was then sentenced to the required period of

license suspension, a period of utilization of an interlock device,

and related mandatory penalties. Credit was provided to Silva for

 7 A-4540-15T3
each aspect of the sentence that she served as a result of her

prior plea and resultant sentence.

 Silva filed an appeal to the Law Division seeking to vacate

her plea raising the same arguments now raised on appeal before

this court. After conducting a de novo hearing, Judge Anthony

Mellaci rejected Silva's arguments in a comprehensive, well-

reasoned oral opinion. The judge, among other findings, held that

there was no error in the plea proceedings and that Silva had

provided an adequate factual basis predicated upon her own

allocution. We agree and add only the following.

 A guilty plea may not be entered by the trial court without

the judge first addressing defendant personally and determining

by inquiry of defendant and others, in the court's discretion,

that there is a factual basis for the plea and that the plea is

made voluntarily, with an understanding of the nature of the

charges and consequences of the plea. R. 3:9-2; State v. Kovack,

91 N.J. 476, 484 (1982); accord State v. Simon, 161 N.J. 416, 443

(1999); State v. Barboza, 115 N.J. 415, 420-21 (1989); State v.

Howard, 110 N.J. 113, 122 (1988); State v. Sainz, 107 N.J. 283,

292-93 (1987). The factual basis for a guilty plea must include

defendant's admission of guilt of the crime or the acknowledgment

of facts constituting the essential elements of the crime. Sainz,

supra, 107 N.J. at 293. "The need to establish a sufficient

 8 A-4540-15T3
factual basis for a guilty plea is not obviated by the fact that

the plea is part of a negotiated plea agreement." Ibid.

 Under New Jersey's Implied Consent Law, N.J.S.A. 39:4-50.2,

 [a]ny person who operates a motor vehicle on
 any public road, street or highway or quasi-
 public area in this State shall be deemed to
 have given his consent to the taking of
 samples of his breath for the purpose of
 making chemical tests to determine the content
 of alcohol in his blood[.]

Failure of a person to act in accordance with N.J.S.A. 39:4-50.2

can result in prosecution for refusing to submit to a breath test.

State v. Widmaier, 157 N.J. 475, 488-89 (1999). The purpose [of]

the statute is to encourage motorists suspected of driving under

the influence to submit to breath tests. Id. at 487 (citing State

v. Wright, 107 N.J. 488, 499 (1987)).

 In State v. Marquez, 202 N.J. 485, 503 (2010), our Supreme

Court, in referencing the statutory factors needed to sustain a

refusal conviction, citing N.J.S.A. 39:4-50.2(e) and N.J.S.A.

39:4-50.4a(a), held:

 (1) the arresting officer had probable cause
 to believe that defendant had been driving or
 was in actual physical control of a motor
 vehicle while under the influence of alcohol
 or drugs; (2) defendant was arrested for
 driving while intoxicated; (3) the officer
 requested defendant to submit to a chemical
 breath test and informed defendant of the
 consequences of refusing to do so; and (4)
 defendant thereafter refused to submit to the
 test.

 9 A-4540-15T3
The State must prove these elements beyond a reasonable doubt.

State v. Cummings, 184 N.J. 84, 88 (2005). Only the third element

is at issue here.

 Following Silva's assent to a breath test, she was required

to provide at least two "valid" breath samples. State v. Chun,

194 N.J. 54, 81, cert. denied, 555 U.S. 825, 129 S. Ct. 158, 172

L. Ed. 2d 41 (2008). To be "valid," a breath sample must meet the

following four criteria: (1) minimum volume of 1.5 liters; (2)

minimum blowing time of 4.5 seconds; (3) minimum flow rate of 2.5

liters per minute; and (4) that the [infrared] measurement reading

achieves a plateau (i.e., the breath alcohol does not differ by

more than one percent in .025 seconds). Id. at 97.

 Here, Silva admitted that she gave seven breath samples yet

was unable to provide the requisite two valid samples. That

admission alone constituted an adequate basis that she refused to

take the test in satisfaction of Rule 7:6-2(a)(1).

 Silva's remaining arguments, not specifically addressed

herein, lack sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(2).

 Affirmed.

 10 A-4540-15T3