HUMBLE OIL & REFINING COMPANY, A DELAWARE CORPORATION, WORTHINGTON CORPORATION, A DELAWARE CORPORATION, AND LIGNUM-VITAE PRODUCTS CORP., A NEW JERSEY CORPORATION, ALICE CHIRICHELLA, JOSEPH SENEC, REV. DOMINICK J. DEL MONTE AND GLORIA BRUNO, PLAINTIFFS-RESPONDENTS, v. CHESTER J. WOJTYCHA, HERMAN G. KLEIN AND FRANK J. BARTLETTA, INDIVIDUALLY, AND AS COMMISSIONERS OF THE HUDSON COUNTY BOULEVARD COMMISSION, AND THE HUDSON COUNTY BOULEVARD COMMISSION, DEFENDANTS - APPELLANTS.

Argued December 19, 1966—Decided March 6, 1967.

*Mr. Daniel F. Gilmore,* Assistant County Counsel, argued the cause for appellants (*Mr. William F. Kelly,* County Counsel, attorney).

*Mr. Burlis W. Horner* argued the cause for respondents (*Mr. Kenneth F. Yates,* on the brief; *Messrs. Stryker, Tams & Dill,* attorneys).

The opinion of the court was delivered

PER CURIAM. The trial court (1) adjudged unconstitutional the statute which created the Hudson County Boulevard Commission (herein Commission), (2) restrained the Commission and all its personnel from carrying out any of its

statutory functions, and (3) enjoined, beginning two weeks after the date of judgment, the acceptance or disbursement of funds. The judgment was entered on March 11, 1966. The Appellate Division denied a stay. No application for one was made to us. We later certified the appeal before the Appellate Division heard it. Meanwhile, we are told, the Commission ceased to function because of the judgment.

The Commission was created in 1898. By a statute of that year, now *N. J. S. A.* 27:17–2, it was provided that in any county in which a road has been or shall be built under *L.* 1888, *c.* 274, "there shall be elected at large in the county three commissioners to be known as 'boulevard commissioners of the county of * * *.'" The statute transferred to the Commission all of the duties of the board of chosen freeholders touching the maintenance, lighting, repair or control of such road, *N. J. S. A.* 27:17–5, and required the freeholders to raise the sums requisitioned annually by the Commission. *N. J. S. A.* 27:17–7; *Nolan v. Fitzpatrick,* 9 *N. J.* 477 (1952).

The complaint sought the total destruction of the Commission. The constitutional infirmity was charged to reside in the mode of election provided in *N. J. S. A.* 27:17–3 which calls for the election of three commissioners but limits the voter to a vote for only two of them, the statute reading:

"* * * The proceedings touching the nomination and election of all such commissioners shall conform in all respects to the method of nominating and electing members of the general assembly. They shall be voted for on the same ticket, but in order to secure minority representation on the board, no voter shall at any election vote upon his ballot for more than two commissioners, and upon the canvass of the election the three persons receiving the highest number of votes for such position shall be declared elected, * * *."

Plaintiffs contended that the statute was invalid because it denied the voter the right to vote for all three officers in violation of *Art.* II, *par.* 3 of the State Constitution which provides that every qualified voter "shall be entitled to vote for all officers that now are or hereafter may be elective by the

people." The trial court sustained that claim, relying upon cases which so construed the same provision (*Art.* II, *par.* 1) of the 1844 Constitution. *McArdle v. Jersey City,* 66 *N. J. L.* 590 (*E. & A.* 1901); *Bowden v. Bedell,* 68 *N. J. L.* 451 (*Sup. Ct.* 1902); *Smith v. Perth Amboy,* 70 *N. J. L.* 194 (*Sup. Ct.* 1903).

Before us defendants do not question that holding, but rather challenge the status of plaintiffs to attack the statute, contending the Attorney General alone can press a suit to strike down an established municipal body.

There are many cases in our State and elsewhere which reserve to the Attorney General as spokesman for the public the sole authority to question the legal existence of an established municipal corporation. *Steelman v. Vickers,* 51 *N. J. L.* 180 (*Sup. Ct.* 1889); *Coast Company v. Borough of Spring Lake,* 56 *N. J. Eq.* 615, 620 (*Ch.* 1896), affirmed 58 *N. J. Eq.* 586 (*E. & A.* 1897); *Attorney-General v. Town of Dover,* 62 *N. J. L.* 138, 140 (*Sup. Ct.* 1898); *Holloway v. Dickinson,* 69 *N. J. L.* 72, 73 (*Sup. Ct.* 1903); *State ex rel. Moore v. Seymour,* 69 *N. J. L.* 606 (*Sup. Ct.* 1903); *Lang v. City of Bayonne,* 74 *N. J. L.* 455, 462 (*E. & A.* 1907); *Devlin v. Wilson,* 88 *N. J. L.* 180 (*E. & A.* 1915); *Bridgewater Twp. v. Borough of Raritan,* 3 *N. J. Super.* 194, 198 (*App. Div.* 1949); 44 *Am. Jur., Quo Warranto,* § 78, *p.* 147; 17 *McQuillin, Municipal Corporations* (*3d ed.* 1950), § 50.09, *p.* 401. The reason for the rule is evident enough. There must not be a gap in government. Further the destruction of a municipal corporation might create havoc with respect to its properties and its obligations. Hence it is better to leave the vindication of the public's interest to its official representative, the Attorney General.

No doubt a private right may not be denied on that account. Accordingly the individual plaintiffs could seek to vindicate their constitutional right to vote. Actually the suit did not have that limited objective, for the complaint sought the destruction of the Commission. The prayers for relief were to that end alone. The question nonetheless was whether

the individual's right to vote could be vindicated without ordering the demise of this "independent political corporation," *State Department of Civil Service v. Clark,* 15 *N. J.* 334, 337 (1954), created by statute almost 70 years ago.

One aspect of that question is whether the statutory provision limiting the right to vote is severable from the remainder of the act. The trial court thought it was not, probably influenced by *McArdle v. Jersey City, supra,* 66 *N. J. L.,* at *pp.* 598–600, and *Bowden v. Bedell, supra,* 68 *N. J. L.,* at *p.* 453, in which like voting provisions were held to vitiate entirely statutes relating to the creation in a city of a board of excise commissioners in the one case and an excise department in the other. Whether those cases are applicable here is debatable, but assuming they are, there would remain the further issue whether, when a public body is thoroughly established and operating, a court should in the public interest limit the relief in a private suit to that necessary to vindicate the private right, *i. e.,* here to adjudge the citizen's right to vote for all candidates at ensuing elections.

██ The issues we have just set forth are substantial. A stay should have been granted to permit appellate review. Unfortunately a stay was denied, and no application was made to us. We are now confronted with an accomplished fact: the Commission is out of business, and its role has been assumed by the county which historically had it. This governmental body being no longer in operation, the question whether it should be permitted to continue notwithstanding the illegality of the voting provision is moot. In these circumstances it is better to leave it to the Legislature to decide whether to reconstitute the Commission by a statute free of constitutional infirmity.

The judgment is therefore affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN — 7.

*For reversal* — None.