117 N.J. Super. 465 (1971)
285 A.2d 73
EMMOGEANNA MARLIN, APPELLANT,
v.
LLOYD W. McCORKLE, COMMISSIONER, ETC., ET AL., RESPONDENTS. CONSTANCE HOLMES, APPELLANT,
v.
LLOYD W. McCORKLE, COMMISSIONER, ETC., ET AL., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 22, 1971.
Decided December 15, 1971.
*467 Before Judges COLLESTER, MINTZ and LYNCH.
Mr. Robert Frank argued the cause for appellants (Mr. Eugene Rosner, of counsel and Union County Legal Services, on the brief).
Mrs. Virginia Long Annich, Deputy Attorney General, argued the cause for respondents Lloyd W. McCorkle, Commissioner of Institutions and Agencies, and Irving J. Engelman, Director, Division of Public Welfare (Mr. George F. Kugler, Jr., Attorney General of New Jersey; Mr. Daly D.E. Temchine, Deputy Attorney General, on the brief).
PER CURIAM.
In these two cases, consolidated on appeal, the respective plaintiffs appeal from fair hearing decisions of the Division of Public Welfare (Division), Department of Institutions and Agencies. Their sole contention is that N.J.S.A. 44:7-32 is unconstitutional as applied to Aid to Dependent Children (ADC) recipients.
Each plaintiff was a recipient of assistance under the ADC program. Their assistance grants were terminated by the Union County Welfare Board (Board) after each had *468 been convicted of obtaining money from the Board by false statements.

The Marlin Case
In October 1966 plaintiff, Mrs. Marlin, was convicted on a fraud charge and placed on probation for three years. The Board denied assistance for herself and her children, relying upon N.J.S.A. 44:7-32. That statute provides that any person obtaining welfare assistance from a county welfare board by fraudulent means shall be guilty of a misdemeanor and punished accordingly, and "his application [for assistance] may be denied or his grant withdrawn, and future grants denied at the discretion of the board." The Board's action was affirmed by the Division by a decision rendered on July 20, 1970 insofar as it related to the exclusion of plaintiff individually from the grant. She was employed, according to her testimony, during most of the period from the time her ADC grant was discontinued until the end of 1968. She reapplied and was granted assistance for her children only in December 1968.
On August 12, 1970 plaintiff filed her notice of appeal from the July 20, 1970 decision. Thereafter further proceedings ensued, resulting in a reinstatement of Mrs. Marlin's grant effective April 1, 1971.
Upon a rehearing before the Division on April 13, 1971 her counsel's only claim was that she was entitled to an assistance grant retroactive to July 20, 1970, the date of the fair hearing decision. The Division agreed and by its decision dated May 11, 1971 directed the Board to issue plaintiff an additional payment in the amount of any budgetary deficits that were not met through assistance by another program during the period August 1, 1970 to April 1, 1971.
Since the filing of this appeal Mrs. Marlin has been granted all the relief thereafter sought, namely, reinstatement as a recipient for welfare assistance and retroactive payment as requested. Hence, it may be argued that her *469 appeal is moot and should be dismissed. Humble Oil & Refining Co. v. Wojtycha, 48 N.J. 562 (1967); Mountain Lakes Bd. of Education v. Maas, 56 N.J. Super. 245 (App. Div. 1959), aff'd o.b. 31 N.J. 537 (1960), cert. den. 363 U.S. 843, 80 S.Ct. 1613, 4 L.Ed.2d 1727 (1960) However, it is also conceivable that plaintiff did not intend to abandon her claim as asserted in her notice of appeal. Her basic argument is that she should not have been excluded from the grant for any period of time following her conviction for fraud in October 1966. This argument is premised upon the alleged unconstitutionality of N.J.S.A. 44:7-32. In light of all the stated circumstances we proceed to consider plaintiff's contention of constitutional infirmity. She alleges: (1) the application of N.J.S.A. 44:7-32 to ADC recipients is contrary to the Social Security Act (42 U.S.C.A. § 301 et seq.); (2) the application of N.J.S.A. 44:7-32 to ADC recipients is violative of the equal protection clause of the Fourteenth Amendment, and (3) N.J.S.A. 44:7-32 violates the due process clause of the Fourteenth Amendment because it arbitrarily denied plaintiff and her children ADC assistance.
We hold that the provision of the Social Security Act governing aid for dependent children permits a state to deny personal benefits to an individual convicted of welfare fraud. The ADC program is federally funded in part, and is established pursuant to 42 U.S.C.A. § 602. If an individual refuses without good cause to accept employment, his needs may be disregarded in the grant to the family but the child's needs will be met unless it is the child who has so refused. 42 U.S.C.A. § 602(a)(19). Clearly, the needs of economically deprived children are to be given primary consideration in the State's implementation of a plan of assistance.
Plaintiff's reliance upon Doe v. Shapiro, 302 F. Supp. 761 (D. Conn. 1969), is misplaced. In that case the court held that the state regulation terminating assistance to illegitimate children because the mother refused to disclose the *470 father's name was invalid since it was contrary to 42 U.S.C.A. § 602(a)(19), which provides only for terminating assistance to an individual and not to the whole family. For comparable reasons, state regulations were invalidated in King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968), and in Evans v. Department of Social Services, 22 Mich. App. 633, 178 N.W.2d 173 (Ct. App. 1970). Actually, as earlier noted, the withholding of the parent's proportionate share of the monthly grant is sanctioned by 42 U.S.C.A. § 602(a)(19). In brief, the requirement of N.J.S.A. 44:7-32 that the recipients refrain from fraud is wholly consistent with the Social Security Act.
There is no merit to the contention that the equal protection clause of the Fourteenth Amendment is violated by denying welfare benefits to an individual convicted of obtaining such assistance through fraud. Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). A statute will be upheld if any reasonable state of facts may be conceived to justify it. N.J. Chap., Amer. Inst. of Planners v. New Jersey State Board of Prof. Planners, 48 N.J. 581, 602 (1967). We find no invidious discrimination implemented by N.J.S.A. 44:7-32. The classification in question makes no differentiation among children whose parents have or have not been convicted of welfare fraud. A reasonable distinction is made between parents on welfare who have been convicted of fraud and those who have not.
We summarily dispose of plaintiff's contention that N.J.S.A. 44:7-32 deprives her of due process of law as being devoid of any merit. The statute in question is clearly constitutional.

The Holmes Case
Plaintiff, Constance Holmes, was convicted in June 1969 in the Elizabeth Municipal Court of obtaining money from the Board by false statements. On July 2, 1969 the Board notified her that her individual ADC assistance was terminated *471 as of July 1, 1969 due to her conviction, although public assistance continued to be made for her children. The Board took this action pursuant to N.J.S.A. 44:7-32.
Plaintiff's conviction was reversed on March 13, 1970 by the Union County Court and she was reinstated in the grant which included her children, effective March 13, 1970. However, in an administrative fair hearing for personal retroactive benefits from July 1, 1969 to March 13, 1970 the Division on July 7, 1970 affirmed the Board's ruling. In effect the Division concurred in the Board's ruling that the decision to terminate inclusion of her share in the grant was discretionary with the Board under N.J.S.A. 44:7-32. After a rehearing the Division, by decision dated May 11, 1971, reaffirmed its earlier determination that the Board was not required to give assistance to plaintiff Constance Holmes for the requested period.
Although the point is not raised, we do not believe that the Board has unlimited discretionary authority to find Constance Holmes ineligible for assistance from July 1, 1969 to March 13, 1970. In our judgment N.J.S.A. 44:7-32 was designed to deny assistance to one who had obtained assistance by false statement and thereby committed a punishable misdemeanor. The reversal of the conviction on March 13, 1970 renders N.J.S.A. 44:7-32 inapplicable to her and she should have been given retroactive payment for the assistance wrongfully denied to her.
Accordingly, the Board is directed to issue plaintiff an additional payment in the amount of any budgetary deficits which were not met through assistance by another program between July 1, 1969 and March 13, 1970. In this connection we note the fair hearing decision dated July 7, 1970 alludes to testimony by Constance Holmes that during the period in question she received no such assistance.
The fair hearing decision is affirmed as to plaintiff Mrs. Marlin. The fair hearing decision as to plaintiff Constance Holmes is reversed and that proceeding is remanded to the Board for further action consistent with this opinion.