213 N.J. Super. 587 (1986)
517 A.2d 1233
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES G. HOWARD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 28, 1986.
Decided November 19, 1986.
*589 Before Judges ANTELL, BRODY and LONG.
Kenneth G. Goodman, Assistant Deputy Public Defender, argued the cause for appellant (Alfred A. Slocum, Public Defender, attorney; Kenneth G. Goodman of counsel and on the brief).
Carol A. Stanton, Deputy Attorney General, argued the cause for respondent (W. Cary Edwards, Attorney General of New Jersey, attorney; Carol A. Stanton of counsel and on the brief).
The opinion of the court was delivered by ANTELL, P.J.A.D.
On February 7, 1985 defendant retracted his plea of not guilty previously entered and pled guilty to the crime of sexual assault, N.J.S.A. 2C:14-2c(5). After an examination by a staff psychologist at the Adult Diagnostic and Treatment Center at Avenel ("Avenel") his conduct was reported to have been characterized by a pattern of repetitive, compulsive behavior and therefore within the purview of the New Jersey Sex Offender *590 Act, N.J.S.A. 2C:47-1 to N.J.S.A. 2C:47-7. A private examination conducted at defendant's behest by Dr. Lawrence M. Eisenstein June 3, 1985, however, resulted in a recommended finding that defendant's conduct was "an isolated incident and not evidence of any compulsive behavioral trend." After a hearing held July 15, 1985, pursuant to State v. Horne, 56 N.J. 372 (1970), to determine defendant's psychiatric status, he was sentenced July 25, 1985 to Avenel for a term of seven years, allowed 423 days credit for time already served and ordered to pay a $25 fine to the Violent Crimes Compensation Board.
On this appeal, defendant contends that under the circumstances presented the trial court was without authority to impose the Avenel sentence since it had not advised him before accepting his guilty plea of the impact such a sentence would have on his parole opportunities. Thus, he seeks to be resentenced to state prison or granted leave to withdraw his plea.
Under an Avenel sentence the inmate does not become eligible for parole until "it shall appear to the satisfaction of the State Parole Board, after recommendation by a special classification review board ... that such person is capable of making an acceptable social adjustment in the community." N.J.S.A. 2C:47-5. Under the ordinary sentence to the state prison system without an Avenel specification the flat parole eligibility term is one-third of the term of imprisonment. N.J.S.A. 30:4-123.51; N.J.A.C. 10A:71-3.2(c)2. Hence, if defendant had been sentenced to state prison, his flat eligibility would have arisen after 28 months. The State concedes that defendant's earliest eligibility, allowing for good time and work credits, would have come about after approximately 16 months.
Rule 3:9-2 governs the entry of guilty pleas and provides that the court shall not accept such plea "without first addressing the defendant personally and determining by inquiry of the defendant and others, in the court's discretion, that ... the plea is made voluntarily ... and with an understanding of ... the consequences of the plea." After the plea is entered, a defendant's *591 "claim to be relieved of its consequences must be weighed against the strong interest of the State in its finality." State v. Taylor, 80 N.J. 353, 362 (1979). Rule 3:21-1 states that a "motion to withdraw a plea of guilty ... shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice."
The touchstone is basic fairness to the defendant: it is crucial "that the plea bargain has been fairly reached and that defendant's reasonable expectations drawn from the terms of the bargain have been fulfilled."
State v. Rodriguez, 179 N.J. Super. 129, 135 (App.Div. 1981), quoting State v. Taylor, supra, 80 N.J. at 364.
While a plea bargain should be meticulously honored, State v. Marzolf, 79 N.J. 167, 183 (1979), a defendant "attacking a guilty plea has little to lose and his contentions should be assessed with great care and realism." State v. Taylor, supra, 80 N.J. at 365. "Reasonable expectations grounded in terms of the plea bargain" should not be confused with "wishful thinking." State v. Marzolf, supra, 79 N.J. at 183.
But in State v. Kovack, 91 N.J. 476 (1982), the Supreme Court held that the imposition of a period of parole ineligibility, not explained at the time of taking the plea, lay beyond the scope of a defendant's reasonable expectations. Specifically, the Court stated at 483 the following:
[W]hereas a trial court need not explain to a defendant what the parole opportunities are in general, the court must make certain that defendant has been made aware of any loss of parole opportunities that may be a component of the sentence. [Emphasis supplied].
The Court also noted that the sentencing court, not defense counsel, must assure itself that a defendant appreciates the possibility that a parole ineligibility period can be imposed. Id. at 484.
We do not consider the Kovack rationale to be applicable herein since the Avenel sentence does not involve the loss of any parole opportunities. The Sex Offender Act merely leaves the matter of parole to the discretion of the Parole Board and the special classification review board without specifying the time of eligibility. Parole may be granted earlier than under an *592 ordinary prison term or later, depending on how the authorities exercise their discretion. If anything, defendant's parole opportunities were improved under the Avenel sentence since he became, in effect, immediately eligible for parole, whereas a prison sentence carries a prescribed period of ineligibility. Furthermore, the fact that an inmate under a prison sentence becomes eligible for parole by no means assures that he will receive favorable parole consideration. As in a sentence to Avenel, this is governed by the judgment of the State Parole Board. Moreover, even if an Avenel sentence were interpreted to entail a "loss of parole opportunities," Kovack, supra, 91 N.J. at 483, this is clearly provided for by statute and does not constitute "a component of the sentence," ibid., comparable to the period of parole ineligibility imposed by the court in Kovack.
Finally, circumstances leave little doubt that defendant knew before sentencing that an Avenel sentence and its parole implications were a possibility. As noted, he was referred to Avenel for examination and diagnosis, he resorted to the unusual measure of engaging his own psychiatrist to support his position that he was not subject to treatment under the Sex Offender Act, he participated in a plenary hearing to determine his status under the Sex Offender Act and, finally, he voiced his objection to the Avenel feature of his sentence immediately after its imposition.
Defendant next contends that the trial court erred, in deciding whether he was subject to the provisions of the Sex Offender Act, by acting on a mere preponderance of the evidence. Rather, he argues, that issue should have been decided beyond a reasonable doubt. His argument depends largely on the premise that a sentence to Avenel impacts more severely upon his liberty interest than does a sentence to state prison. See, Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967); People v. Burnick, 14 Cal.3d 306, 121 Cal. Rptr. 488, 535 P.2d 352 (1975) (en banc); Anno., "Standard of Proof *593 Required under Statute Providing for Commitment of Sexual Offenders or Sexual Psychopaths," 96 A.L.R.3d 840 (1979).
N.J.S.A. 2C:47-3a provides that if the examination reveals that the offender's conduct was characterized by a pattern of repetitive, compulsive behavior the court "may" upon the recommendation of Avenel sentence the offender to that institution for treatment. N.J.S.A. 2C:47-3b specifies that sentences to Avenel shall be set, as with all criminal sentences involving sex offenses, "in accordance with Chapters 43 and 44 of this code." Thus, the court is free to impose whatever sentence is appropriate to the crime. The only feature of the Avenel sentence claimed by defendant to result in greater curtailment of liberty than a prison sentence is the lack of a specific parole eligibility date. As we explained, however, this merely signifies that defendant is immediately eligible for parole and makes the penal consequences of an Avenel sentence less onerous, not more, than a prison sentence. We therefore conclude that the standard of proof by a preponderance of the evidence was properly applied by the trial court in finding that defendant's conduct was characterized by a pattern of repetitive, compulsive behavior.
Defendant also complains that the trial court erred in applying the Avenel staff psychologist's concept of "compulsive" behavior rather than a legal standard formulated by the legislature. We discern no difference between the two. Nothing suggests that the lawmakers intended the term to be used in other than its ordinary and common meaning. Although the psychologist described the psychological mechanics of defendant's behavioral disorder in terms of "relational sexual stress" and difficulty in his hetero-sexual and hetero-social relationships, he concluded that the aberrant behavior was "compulsive." In its commonly accepted sense the term is understood to describe behavior resulting from "an irresistible impulse to perform some irrational act." Webster's New World Dictionary of the American Language (World Publishing Company *594 1960). If the psychologist used the term to convey a meaning other than this, such an intention is not disclosed by the record.
Defendant's final point is that the trial court erred in denying his motion for immediate transfer to Avenel. However, in view of the fact that he has now been in residence at Avenel for more than six months we find the issue to be moot. Humble Oil & Refining Co. v. Wojtycha, 48 N.J. 562, 566 (1967); Bantam Books, Inc. v. Melko, 14 N.J. 524, 525 (1954).
Affirmed.