STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
ROBERT MACALPIN, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 1, 1988—Decided March 4, 1988.

Before Judges HAVEY and STERN.

*Critchley & Roche,* attorneys for appellant.

*W. Cary Edwards,* Attorney General of New Jersey, attorney for respondent *(Jeanne M. Andersen,* Deputy Attorney General, of counsel and on the letter brief).

PER CURIAM.

On April 7, 1986, defendant pled guilty to Count I of an accusation charging him with sexual assault, *N.J.S.A.* 2C:14-2b, in exchange for a recommendation which included dismissal of Count II charging aggravated sexual assault, *N.J.S.A.* 2C:14-2a. According to the prosecutor, the plea recommendation was as follows:

> The terms of the plea agreement, the Defendant agrees to retract this not guilty plea and plead guilty to Count One of the Accusation for which he is to be sentenced as a crime of the third degree.
>
> After sentencing, the State will move to dismiss Count Two of the Accusation.
>
> The State's recommendation is that a custodial sentence, if any imposed, is not to exceed five years. Presumption of imprisonment does apply in this case; however, the State has no objection to a sentence being served at Essex County Jail for a period of 364 days.
>
> As one of the conditions of probation in this case, after the service of a jail term, the Defendant agrees to receive psychiatric counseling and State reserves the right to be heard at the time of sentencing.

During the plea colloquy, the following was stated:

> THE COURT: Now, do you understand pleading guilty to this particular crime, you could be sent to jail for a period of time up to 10,000—10 years or $100,000 fine and other penalties could be imposed upon you?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: And do you understand also there could be a parole ineligibility period; therefore, five years as I explained it to you before?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You would not be eligible for parole. There is a recommendation through the Prosecutor's Office of Essex County that this, which is a

second degree count—second degree offense, should be treated by the Court as a third degree offense?

THE DEFENDANT: Yes.

THE COURT: Do you understand that?

THE DEFENDANT: Yes, I do, your Honor.

THE COURT: And all that has been explained to you by counsel what that means and punishment unless—

THE DEFENDANT: That's correct.

THE COURT: Maximum would be five years, do you understand that, rather than the original ten?

THE DEFENDANT: Yes, your Honor.

THE COURT: It is also a statement by the Prosecutor, if I recall the language correctly, she would not object, however, if you were placed on probation and placed in the Essex County Jail for 364 days—

THE DEFENDANT: That's correct.

THE COURT: —rather than a presumptive sentence that was explained to you of four years. Do you understand that?

THE DEFENDANT: Yes, your Honor, I do.

Defendant was sentenced to the Adult Diagnostic and Treatment Center (ADTC) at Avenel for three years, and his motion for reduction of sentence was denied.

On this appeal, defendant argues:

### DEFENDANT'S GUILTY PLEA MUST BE SET ASIDE BECAUSE THE DEFENDANT'S REASONABLE EXPECTATIONS WERE DEFEATED.

There is an obvious difference between a commitment to ADTC and other sentences to a State custodial institution, even though the Code of Criminal Justice requires that a specific term sentence be imposed at the time a sex offender is committed to ADTC. *See N.J.S.A.* 2C:47–3b. While a sex offender may be eligible for parole upon the recommendation of the Special Classification Review Board, *see N.J.S.A.* 2C:47–5, and may be subject to resentencing when the Commissioner, on recommendation of the Board, concludes that "continued confinement is not necessary," *N.J.S.A.* 2C:47–4c, the reality is that the offender may serve longer in custody than someone who receives the same specific term of three years, particularly because it takes so long to place the offender at Avenel. *Cf.*

*State v. Falcone,* 211 *N.J.Super.* 685 (App.Div.1986); *N.J.S.A.* 30:4–123.51. *See also Gerald v. Commissioner, N.J. Dept. of Corrections,* 201 *N.J.Super.* 438 (App.Div.1985), mod. 102 *N.J.* 435 (1986); *Savad v. Department of Corrections,* 178 *N.J.Super.* 386 (App.Div.1981), certif. den. 87 *N.J.* 389 (1981) (work and commutation credits for sex offenders).

Nevertheless, we reject defendant's contention that defendant must be advised at the time of plea of the parole and "real time" consequences of an ADTC commitment or of the contemplated period of parole ineligibility by virtue of the delay in admission to Avenel. *Cf. State v. Kovack,* 91 *N.J.* 476 (1982) (requiring defendant to be advised of possibility of parole ineligibility term before it is imposed).[1] As noted in *Kovack,* "a trial court need not explain to a defendant what the parole opportunities are in general," 91 *N.J.* at 483, and we cannot conclude that the delay in placing a defendant in the sex offender unit constitutes a *"loss* of parole opportunities that may be a component of the sentence." *Ibid.* [Emphasis in original]. *See also State v. Howard,* 213 *N.J.Super.* 587, 589–590 (App.Div.1986), certif. granted 107 *N.J.* 86 (1986). So long as defendant was made aware of his maximum exposure under the negotiated plea and receives a sentence with no greater exposure, the plea remains unassailable. *Cf. State v. Alevras,* 213 *N.J.Super.* 331, 338–339 (App.Div.1986) (impact of misunderstanding of credits on sentence maximum).[2]

We do not believe that the existing record of the plea and sentencing supports the conclusion that defendant reasonably expected to be sentenced to a custodial sentence of 364 days or

---

[1] Of course, *Kovack* would require advising defendant of the possibility of a parole ineligibility term before it could be imposed as part of a sentence to ADTC. *See State v. Chapman,* 95 *N.J.* 582, 592–593 (1984). *See also* 2C:43–2(e); 2C:44–1c(2) (court required to consider parole consequences).

[2] There is no claim in this case that defendant received improper or wrong advice about credits which would affect his maximum exposure.

less or that defendant should be permitted to withdraw his plea, *see, e.g., State v. Marzolf,* 79 *N.J.* 167, 183 (1979).[3]

■ Finally, we note that the negotiated disposition, as recorded on the plea form and expressed on the record, indicates that defendant was to be sentenced as a third degree offender. *See N.J.S.A.* 2C:44–1f(2). Since sentence was imposed in this case, the Supreme Court made clear that the presumption of imprisonment continues on such negotiated downgrade for sentencing, *see State v. O'Connor,* 105 *N.J.* 399, 404–405 (1987); *see also State v. Partusch,* 214 *N.J.Super.* 473 (App.Div.1987). The Supreme Court also held that the presumption is not satisfied by the custodial aspect of probation. *See State v. O'Connor, supra,* 105 *N.J.* at 405–410. In deciding whether a sex offender is to receive in-patient or out-patient treatment, the sentencing judge must consider the impact of the presumption. *See State v. Hamm,* 207 *N.J.Super.* 40 (App.Div.1986).

Affirmed.

---

[3]We have no difficulty with the form of the negotiated disposition because its contents involved a mutual agreement of the parties. See *R.* 3:9–3.