229 N.J. Super. 586 (1989)
552 A.2d 229
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WAVERLY LARK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 7, 1988.
Decided January 12, 1989.
*587 Before Judges KING, BRODY and ASHBEY.
*588 Alfred A. Slocum, Public Defender, attorney for appellant (Roxanne J. Gregory, Assistant Deputy Public Defender, of counsel and on the brief).
Cary Edwards, Attorney General, attorney for respondent (J. Grall Robinson, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by BRODY, J.A.D.
Pursuant to an amended plea agreement, defendant was convicted in 1985 of two first-degree aggravated sexual assaults committed during the commission of separate burglaries, N.J.S.A. 2C:14-2a(3). A staff psychologist at the Adult Diagnostic and Treatment Center (ADTC or Avenel) having concluded that defendant's assaultive sexual conduct was repetitive and compulsive, the trial judge imposed a ten-year prison term for one of the assaults, two years to be served before parole eligibility, followed by a ten-year term for the other assault to be served at Avenel. The judge also assessed a penalty in the amount of $1,000 for each conviction. He dismissed numerous other charges as required by the agreement. Defendant did not appeal.
Two years later, defendant filed a petition for post-conviction relief. R. 3:22-1. He claimed that his attorney in these matters had not provided him effective legal assistance in several respects unrelated to the manner in which his plea had been taken. He also contended that his sentence was illegal because it did not conform to the terms of the plea agreement. The trial judge denied the petition.
In this appeal from that denial, defendant has abandoned the arguments he raised in the trial court and now makes the following arguments:
I. THE TRIAL COURT'S CONDUCT IN AMENDING THE PLEA AGREEMENT AT THE TIME OF SENTENCING AND ITS FAILURE TO EXPLAIN TO THE DEFENDANT HE HAD THE RIGHT TO WITHDRAW HIS *589 PLEA, VIOLATED BOTH RULE 3:9-2 and RULE 3:9-3(a) AND RENDERED DEFENDANT'S PLEA INVOLUNTARY.
II. THE DEFENDANT'S SENTENCE VIOLATED THE ORIGINAL PLEA AGREEMENT BY EXPOSING HIM TO A POSSIBLE PERIOD OF CONFINEMENT LONGER THAN THAT CONTEMPLATED UNDER ITS TERMS.
III. THE COURT'S FAILURE TO ADVISE DEFENDANT OF THE PAROLE IMPLICATIONS OF AN AVENEL SENTENCE REQUIRES THAT DEFENDANT'S CASE BE REMANDED. (Not Raised Below.)
IV. IMPOSITION OF A TOTAL VIOLENT CRIMES COMPENSATION BOARD PENALTY OF $2,000.00 WAS AN INTEGRAL AND MATERIAL PART OF DEFENDANT'S SENTENCE AND EXCEEDED DEFENDANT'S REASONABLE EXPECTATIONS. (Not Raised Below.)
V. THE TRIAL COURT FAILED TO PROPERLY WEIGH AGGRAVATING AND MITIGATING FACTORS AND ITS IMPOSITION OF CONSECUTIVE SENTENCES WITH A MANDATORY MINIMUM WAS INCONSISTENT WITH THE IMPOSITION OF MINIMUM TERMS.
Although defendant designates only points III and IV as not having been raised below, as we read the record he raised none of his present arguments in the trial court.
An appellate court will not consider an issue, including a constitutional issue, that the parties neither raised nor argued below "unless it goes to the question of jurisdiction or presents a matter of real public importance." Deerfield Estates, Inc. v. Tp. of East Brunswick, 60 N.J. 115, 120 (1972). We will consider only point III because it requires us to determine matters of public importance: whether the holding in State v. Howard, 110 N.J. 113 (1988), is to be applied retroactively and if so, whether its application may be raised in a petition for post-conviction relief. See State v. Kovack, 91 N.J. 476, 486 (1982).
The original plea agreement provided for alternative sentences depending upon whether Avenel determined that defendant's conduct was repetitive and compulsive. In the event of such a determination, the aggregate custodial sentence could not exceed 20 years at Avenel. In the absence of such a determination, the aggregate prison sentence could not exceed 20 years with a parole ineligibility period of not more than four years. After reading the presentence report the trial judge *590 rejected the agreement because he believed that defendant deserved the punishment of a prison term as well as treatment at Avenel. The parties then renegotiated the agreement to permit the judge to impose the sentence defendant received, ten years imprisonment with a parole ineligibility period of two years followed by ten years at Avenel with no parole ineligibility period.
Defendant now contends that the trial court erred in failing to advise him that he would not be eligible for parole from Avenel until "after recommendation by a special classification review board" that he "is capable of making an acceptable social adjustment in the community." N.J.S.A. 2C:47-5. Current statistics demonstrate that Avenel inmates are likely to serve more time than prison inmates given the same sentence. Howard, 110 N.J. at 124. Although he did not raise the issue below, defendant included in a list of grievances against his original trial attorney that he had erroneously advised him that Avenel provided "a fourteen (14) month program, and this is what I understood my sentence to be."
The Howard Court decided the issue as follows:
In the future, trial courts should satisfy themselves that the defendant understands the possibility of the imposition of an Avenel sentence and the effect that such a sentence will have on the defendant's parole eligibility. In addition to stating the minimum and maximum terms of the offense, the court should advise the defendant of the standard for parole eligibility with an ADTC sentence. [Howard, 110 N.J. at 125.]
It is clear from this record that the trial judge did not "advise the defendant of the standard for parole eligibility with an ADTC sentence."
The first question we must decide is whether Howard is to be applied retroactively. A similar question was posed in Kovack, which held that a trial judge must advise a defendant pleading guilty of any likely period of parole ineligibility that the court may include in the sentence. The court there ruled that its holding would not be only prospective because the holding did not depart from existing law, but was simply an expression of *591 this State's consistent, long-standing policy "that its courts afford meticulous protection to a defendant who elects to plead guilty." Kovack, 91 N.J. at 487. Because courts were first given authority to impose a period of parole ineligibility in the Code of Criminal Justice, the court applied its holding "to all pleas entered since the effective date of the Code, September 1, 1979."
The Howard Court arrived at its holding by following the Kovack analysis. Howard, 110 N.J. at 123-125. However, unlike the Kovack Court, the Howard Court did not discuss the retroactive effect of its holding. We do not consider significant in that regard the phrase "In the future ..." with which it introduced its holding. The language employed directs that in the future judges must inform defendants sentenced to Avenel of the manner by which they become eligible for parole; it does not bar relief to defendants who were prejudiced in the past by not being so informed. In both Kovack and Howard the Court relied upon this State's long-standing policy that a defendant must clearly understand the consequences of his plea, R. 3:9-2. It therefore follows that the Howard holding, like the Kovack holding, also does not represent a departure from existing law and is therefore not limited to prospective application.
Kovack recognized that before the effective date of the Code a defendant could not have been prejudiced by not being informed of a judge's authority to include in the sentence a period of parole ineligibility because before then a sentencing judge did not have that authority. The unique parole eligibility features of an Avenel sentence pre-date the Code. N.J.S.A. 2C:47-5 provides in part:
Any person committed to confinement under the terms of this chapter shall be released under parole supervision when it shall appear to the satisfaction of the State Parole Board, after recommendation by a special classification review board appointed by the commissioner that such person is capable of making an acceptable social adjustment in the community.
That provision replaced a similar provision in N.J.S.A. 2A:164-8:

*592 Any person committed to confinement, as provided for in section 2A:164-6 of this title, may be released under parole supervision when it shall appear to the satisfaction of the state parole board, after recommendation by a special classification review board appointed by the state board of control of institutions and agencies, that such person is capable of making an acceptable social adjustment in the community.
These features have been a part of an Avenel sentence since the adoption of the Sex Offender Act. L. 1950, c. 207 (N.J.S.A. 2A:164-3 et seq.). Thus at least since the 1969 revision of the Rules of Court when R.R. 3:9-2 first required that defendants understand the consequences of their guilty pleas, judges arguably should have informed defendants pleading guilty of the unique parole eligibility features of an Avenel sentence.
However, in order to withdraw from a plea agreement on the ground that the judge had failed to give him the required information, a defendant must establish that from an objective standpoint there is a significant possibility that he would not have entered the plea had he been so informed. Howard, 110 N.J. at 124, citing State v. Taylor, 80 N.J. 353, 365 (1979). Establishing that fact will be particularly difficult where the defendant has served a period of confinement without complaint. The Howard Court made special note that "defendant's immediate protest bespeaks the materiality of the omitted information to his decision to enter the plea agreement." Howard, 110 N.J. at 125.
The second question we must decide is whether defendant may invoke Howard in a post-conviction relief proceeding. A person may not assert a ground for post-conviction relief unless the court finds
... (a) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding or (b) that enforcement of the bar would result in fundamental injustice; or (c) that denial of relief would be contrary to the Constitution of the United States or the State of New Jersey. [R. 3:22-4.]
We are satisfied that (a) applies and therefore need not consider (b) and (c). The Court decided Howard on April 19, 1988. Although long standing, this State's policy that a defendant understand the consequences of entering a guilty plea did not *593 receive judicial expression as applied to an Avenel sentence until Howard. Indeed, when the issue was before this court in that case, we held that Kovack did not require a judge to advise a defendant pleading guilty of the parole consequences of an Avenel sentence. See State v. Howard, 213 N.J. Super. 587 (App.Div. 1986). In these circumstances it would not be reasonable to expect defendant to have raised the issue before now. State v. Nash, 64 N.J. 464, 474-475 (1974).
There must be a hearing to determine whether defendant was prejudiced by the judge's failure to advise him of the parole eligibility features of an Avenel sentence. If the court finds that he was prejudiced, defendant may withdraw his plea, subject to reinstatement of the dismissed charges, and proceed to trial or renegotiate the plea agreement. Howard, 110 N.J. at 125-126.
Reversed and remanded for further proceedings consistent with this opinion.