Counsel for defendant shall submit the appropriate order.

STATE OF NEW JERSEY, PLAINTIFF, v. ALEXANDER OWCZARSKI, DEFENDANT.

Superior Court of New Jersey
Law Division Burlington County

Decided March 7, 1989.

*John C. Gillespie,* for plaintiff (*Madden, Ferg, Barron & Gillespie,* attorneys; *Christine A. Arians* on the brief).

*Peter A. Buxbaum,* for defendant.

HAINES, A.J.S.C.

This opinion holds that post-conviction relief is available *at any time* to a defendant whose guilty pleas were accepted by a municipal court without determining whether the pleas were offered knowingly and voluntarily.

Alexander Owczarski was charged with a substantial number of ordinance violations relating to alleged improper deposits of refuse and unsanitary conditions involving several properties owned by him. The complaints were filed in the Pemberton Township Municipal Court. At trial, Owczarski, through counsel, announced that he had "worked it out." Counsel then addressed each charge and entered a number of pleas of guilty.

Some charges were dismissed or merged. Fines were imposed amounting to $4900.

When Owczarski entered his guilty pleas, the court engaged in no colloquy whatsoever concerning his understanding of the pleas, their voluntary nature or their factual basis. No effort was made to comply with the provisions of *R.* 7:4–2(b), namely, that a municipal court shall not accept a guilty plea

> without first addressing the defendant personally and determining by inquiring of the defendant and of others in the court's discretion that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea and that there is a factual basis for the plea.

Owczarski appealed his conviction to this court and on September 12, 1988 was again found guilty. Similar sentences were imposed. No question was raised in the course of the appeal concerning the validity of the guilty pleas. On December 7, 1988, however, Owczarski filed the petition for post-conviction relief considered here. In it he claims he is entitled to have his conviction set aside because his pleas were accepted in violation of our rules and constitutions.

## A. *The Post–Conviction Relief Rule.*

■ *R.* 3:22 permits any person convicted of a crime to file a petition for post-conviction relief. That rule is made applicable to the municipal courts by *R.* 7:1. *See also In re Santiago*, 104 *N.J.Super.* 110, 114–17 (Law Div.1968), aff'd 107 *N.J.Super.* 243 (App.Div.1969).

Most grounds for post-conviction relief are barred if they are not raised in the course of an appeal. However, there are exceptions. *R.* 3:22–4 provides:

> Any ground for relief not raised in a prior proceeding under this rule, or in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds (a) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or (b) that enforcement of the bar would result in fundamental injustice; or (c) that denial of relief would be contrary to the Constitution of the United States or the State of New Jersey.

Owczarski relies upon (c), arguing that denial of relief would be contrary to our constitutions.

B. *The Guilty Plea.*

A sentence which has been imposed on the basis of an illegal plea is itself illegal. *State v. Paladino,* 203 *N.J.Super.* 537, 549 (App.Div.1985). A failure to comply with the rules regarding the acceptance of a guilty plea, namely, that the plea be understandably and voluntarily entered, is a failure of due process. *Ibid.* The insistence that pleas to criminal charges be made only if they are knowing and voluntary is a constitutional insistence. *Brady v. U.S.,* 397 *U.S.* 742, 90 *S.Ct.* 1463, 25 *L.Ed.*2d 747 (1970). In *State v. Rhein,* 117 *N.J.Super.* 112 (App.Div.1971), the court, quoting from *McCarthy v. United States,* 394 *U.S.* 459, 466, 89 *S.Ct.* 1166, 1171, 22 *L.Ed.*2d 418 (1969), said:

> If a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the fact. [at 118]

In *State v. Marzolf,* 79 *N.J.* 167 (1979), Justice Pashman, dissenting, said:

> A defendant who pleads guilty to a particular offense relinquishes three fundamental rights: (1) The right to be tried by a jury of his peers; (2) The right to confront witnesses; and (3) The right not to incriminate himself. [at 190]

To the same effect is *Boykin v. Alabama,* 395 *U.S.* 238, 89 *S.Ct.* 1709, 23 *L.Ed.*2d 274 (1969):

> Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Second, is the right to trial by jury. Third, is the right to confront one's accusers. We cannot presume a waiver of these three important federal rights from a silent record. [at 243, 89 *S.Ct.* at 1712; citations omitted]

It is therefore clear that the municipal court's acceptance of Owczarski's guilty pleas in total disregard of the requirements of *R.* 7:4–2(b) was a violation of constitutional dimension. The

consequences of such a violation are lasting. *R.* 3:22–12 illustrates the point; it provides: "A petition to correct an illegal sentence may be filed at any time." *See also State v. Sheppard,* 125 *N.J.Super.* 332, 336 (App.Div.1973).

## C. *The Municipality's Arguments.*

Pemberton Township objects to the allowance of any postconviction relief. Relying on *State v. Taylor,* 80 *N.J.* 353 (1979), it points to the strong interest of the State in the finality of guilty pleas and the unwillingness of our courts to set aside a conviction by reason of technical error. It is true that the *Taylor* court made such statements. However, *Taylor* involved a defendant who was carefully questioned and provided with meticulous information concerning his entry of a guilty plea before that plea was entered. The objection later made by defendant was very narrow, namely, that he had not been advised that some of the charges against him might be merged for sentencing purposes. *Taylor* said:

> What is crucial is that the plea bargain has been fairly reached and that defendant's reasonable expectations drawn from the terms of the bargain have been fulfilled. [at 364]

That test, standing alone, condemns the proceedings followed in Owczarski's case.

The *Taylor* Court, suggesting an additional test, also noted the rulings of other courts concerning plea vacation requests, namely, that those requests should be addressed on a case-by-case basis, the decision to depend upon "whether the defendant can be said to have been prejudiced by the omission." *Id.* at 363.

Prejudice is also the test set forth in *State v. Lark,* 229 *N.J.Super.* 586 (App.Div.1989), in which the court said:

> However, in order to withdraw from a plea agreement on the ground that the judges had failed to give him the required information, a defendant must establish from an objective standpoint there is a significant possibility that he would not have entered the plea had he been so informed. [at 592]

*Lark* involved part (a) of *R.* 3:22–4, not (c), the constitutional exception, and is therefore distinguishable. Its sweeping lan-

guage, however, though doubtfully applicable when the issue is constitutional, invites comment here. The constitutional doubt is reinforced by the holding of the Appellate Division in *State v. Ross*, 189 *N.J.Super.* 67 (App.Div.1983), a case addressing a probable cause issue:

> We are not unaware of the provision of *R.* 3:23–8(c), which provides that the taking of a *de novo* appeal to the Law Division "shall operate as a waiver of all defects in the record including any defect in, or the absence of, any process...." It is also well settled, however, that the waiver does not apply in respect of defects of a constitutional or jurisdictional nature. [citations omitted] We regard the nature of the defect here as one of such substantial magnitude as to compel the inapplicability of the waiver rule. [at 74–75]

Assuming, nevertheless, that *Lark* applies here, its rule requires the granting of Owczarski's requested relief.

Owczarski's legal prejudice is obvious. He was denied a constitutional right. Factually, it is impossible to determine whether he has been prejudiced. It cannot be known whether he understood the nature and consequences of his guilty pleas and entered them voluntarily. If he did not so understand, it is impossible to know what he would have done if he was made to understand. Applying the *Taylor* test, it is clear that the plea bargain was not "fairly reached" and that the required fulfillment of Owczarski's "reasonable expectations drawn from the terms of the bargain" cannot be proved. *Taylor* referred to these requirements as "crucial." From the "objective standpoint" referred to in *Lark*, "there is a significant possibility that he would not have entered the plea" had he been properly informed.

The municipality also argues, citing *United States v. Timmreck*, 441 *U.S.* 780, 99 *S.Ct.* 2085, 60 *L.Ed.*2d 634 (1979), that relief is not available to Owczarski absent a showing of special prejudice resulting in a "complete miscarriage of justice." It is suggested that Owczarski cannot show such a miscarriage because he makes no allegations of innocence. Such allegations, however, are unnecessary when a constitutional violation is involved. Were that the test, a mere allegation of innocence would never carry the day; it would be

necessary to try the underlying case to test the truth of the allegation. In fact, Owczarski was denied due process. His convictions were therefore unlawful. He *did* suffer a "complete miscarriage of justice."

### Conclusion.

Owczarski was denied a constitutional right when his guilty pleas were accepted in disregard of *R.* 7:4–2(b). He falls within the *R.* 3:22–4(c) exception relating to constitutional deprivations and is not barred from relief for failure to raise his post-conviction argument in prior proceedings. His convictions, therefore, are set aside. The matter is remanded to the Pemberton Township Municipal Court for further appropriate proceedings.