# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0077-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

B.W.,

     Defendant-Appellant.

_____

Submitted January 31, 2019 – Decided May 28, 2019

Before Judges O'Connor and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 10-01-0010.

Joseph E. Krakora, Public Defender, attorney for appellant (John A. Albright, Designated Counsel; William P. Welaj, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Robert J. Wisse, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant B.W.[1] appeals from the July 12, 2017 order of the Law Division denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm in part and remand in part.

I.

In 2012, a jury convicted defendant of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), second-degree sexual assault, N.J.S.A. 2C:14-2(b), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), for numerous sexual assaults on his daughter beginning when she was eight years old. The abuse stopped when the daughter moved out of State with her mother at age eleven. The daughter first reported defendant's sexual abuse when she was thirteen.

We address only those aspects of the trial testimony relevant to the issues on appeal. At the time of trial, defendant's daughter was sixteen. She testified in detail with respect to three occasions on which defendant performed various acts of sexual penetration. She stated that she did not report the crimes at the times they occurred because defendant threatened to harm her mother if she revealed his abuse.

---

[1] We use initials to protect the identity of the victim of defendant's sexual assaults. R. 1:38-3(c)(9).

A-0077-17T1

The child's mother also testified. She recounted having taken her daughter to the emergency department on three occasions while they lived in New Jersey. Once, after a visit with defendant, the mother noticed that her daughter was crying from pain and unable to use the bathroom. The child was diagnosed with a urinary tract infection. A separate visit to the emergency room also resulted in a diagnosis of a urinary tract infection. A third visit was brought about by the daughter's complaint of abdominal pain and mild discomfort during urination. She was diagnosed with abdominal pain and constipation. The child did not report sexual abuse during any of the visits.

A physician who treated the daughter during one of the emergency department visits also testified. During cross-examination, defendant's counsel directed the physician's attention to the records of a 2009 medical examination of the daughter. The examination, which took place out of State two years after the daughter's last physical contact with defendant, resulted in a diagnosis of a genital rash. Defendant's counsel asked the witness to identify the possible causes of such a rash. The witness responded that a genital rash could be caused by contact with another individual or by auto-inoculation from scratching a rash in another area of the body.

A-0077-17T1

Another physician testified as an expert in pediatric medicine. During cross-examination, defendant's counsel asked the expert about the fact that the daughter's medical records from the examinations in New Jersey did not indicate findings of physical trauma to the anus. The expert testified that bleeding, pain and hemorrhoid development may be consistent with anal rape, but that an absence of physical trauma does not mean that sexual abuse involving the anus did not occur. The expert testified that the anus is equipped to adapt to penetration, which could prevent physical injury during forced anal intercourse.

The State also called a psychologist who testified as an expert on Child Sexual Abuse Accommodation Syndrome (CSAAS). He identified the five characteristics of CSAAS: secrecy; helplessness; entrapment and accommodation; delayed, conflicted, unconvincing disclosure; and recantation. He testified that child victims often keep their sexual abuse secret out of fear and may feel no one will believe them. During her summation, the assistant prosecutor referred to this testimony, stating

> [y]ou heard about [CSAAS]. That's what happens. They accommodate. Children are growing up. They don't want to go to the doctor's for a shot. What do you say, "All right [sic], forget it. You're not going to go to the doctor's for a shot?" [Y]ou're going to go.

4

Although defense counsel objected to other comments by the assistant prosecutor during her summation, he did not object to this remark.

After the jury reached its verdict, the trial court sentenced defendant to a life term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. At a subsequent hearing, the court deemed the life sentence to be seventy-five years, and calculated the statutory parole ineligibility period to be sixty-three years and nine months. In his direct appeal, defendant raised several arguments, including that the testimony regarding CSAAS was inadmissible under N.J.R.E. 702 because it was not based on reliable science.

We affirmed defendant's conviction and sentence. State v. B.W., No. A-4354-12 (App. Div. Apr. 22, 2015). We held, among other things, that the admissibility of CSAAS testimony was well settled by the holding in State v. J.Q., 130 N.J. 554 (1993). The Supreme Court denied defendant's petition for certification. State v. B.W., 223 N.J. 281 (2015).

On November 18, 2016, defendant filed a petition for PCR in the Law Division. He argued that he was denied effective assistance of counsel at trial because his attorney: (1) elicited damaging testimony during the cross-examination of the State's medical witnesses as a result of his failure to consult a medical expert prior to trial; (2) failed to object to the assistant prosecutor's

comment during summation regarding the CSAAS testimony and should have requested a retrial or a curative instruction; and (3) failed to investigate an alibi defense by not interviewing two witnesses, defendant's brother and his girlfriend at the time of the offenses. Defendant argued that his then-girlfriend would have testified that she was with him whenever his daughter visited. Defendant argued these errors separately and cumulatively warranted reversal of his convictions. Finally, defendant argued that the CSAAS testimony should not have been admitted under N.J.R.E. 702 because it is based on "junk science." Although acknowledging that he raised this argument on direct appeal, defendant argued that the PCR court should consider it anew.

On July 12, 2017, the PCR judge, who presided at defendant's trial and sentencing, issued a comprehensive oral opinion denying defendant's PCR petition without an evidentiary hearing. The judge concluded that defendant had not established a prima facie case of ineffective assistance of counsel.

The judge found that defendant could not establish that he was harmed by his counsel's cross-examination of the State's medical witnesses because their testimony did not attribute the daughter's genital rash to contact with defendant. Instead, the cross-examination elicited testimony identifying a number of possible causes for the daughter's rash, noting that the rash was diagnosed more

A-0077-17T1

than two years after the daughter's last physical contact with defendant, and highlighting the daughter's failure to mention sexual abuse during her medical visits. In addition, the judge concluded that defense counsel could not have avoided asking about the lack of physical trauma to the daughter's anus because it was inevitable that the jury would have the same question.

In addition, the judge concluded that the question of the admissibility of CSAAS testimony was addressed in defendant's direct appeal, precluding its consideration in a subsequent PCR petition. The judge found nothing improper in the assistant prosecutor's reference to that testimony in her summation, given the admissibility of the testimony. Thus, the judge concluded that defense counsel's failure to object to the remark could not be seen as ineffective assistance of counsel.

With respect to the alibi witnesses, the judge noted that defendant had not submitted certifications from the witnesses summarizing the testimony they would have provided at trial. Moreover, the judge, having heard all of the testimony at trial, recalled that the daughter visited defendant on multiple occasions during which he had unrestricted access to the child. The judge concluded that it was unlikely anyone could have testified truthfully that they spent every possible minute with defendant when his daughter was visiting.

Thus, the judge concluded that defense counsel's "representation was vigorous, forceful and as effective as it could be under all of these circumstances." The judge noted that the daughter was "a compelling, consistent and very credible witness" who "was affirmatively credible . . . despite . . . strong efforts" by defense counsel during cross-examination to challenge the veracity of her testimony. The judge concluded that the record contained "no evidence" of ineffective assistance of counsel and that an evidentiary hearing was unnecessary. On July 12, 2017, the judge entered an order denying defendant's PCR petition.

This appeal followed. On appeal, defendant raises the following arguments for our consideration:

> POINT I
>
> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF.

A-0077-17T1

B. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S INEFFECTIVE CROSS-EXAMINATION OF TWO CRUCIAL WITNESSES PRESENTED BY THE STATE WHICH SERVED TO ELICIT TESTIMONY DAMAGING AND PREJUDICIAL TO THE DEFENDANT.

C. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S FAILURE TO OBJECT TO A CERTAIN ASPECT OF THE PROSECUTOR'S SUMMATION WHICH EXCEEDED THE BOUNDS OF PROPRIETY.

II.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland v. Washington, 466 U.S. 668, 686 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at

9

687.  Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness."  Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense."  Id. at 687.  The defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding.  Ibid.

A defendant is entitled to an evidentiary hearing on a PCR petition if the defendant presents a prima facie case in support of PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds that an evidentiary hearing is required to resolve the claims presented.  R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013).

Having carefully reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the July 12, 2017 order for the reasons stated by the judge in her thorough and well-reasoned oral opinion with respect to all issues, except those relating to the CSAAS testimony.

A-0077-17T1

With respect to defendant's argument that the trial court erred by admitting the CSAAS testimony, we note that Rule 3:22-5 provides:

> [a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings.

The Supreme Court has held that

> [p]reclusion of consideration of an argument presented in post-conviction relief proceedings should be effected only if the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal.
>
> [State v. Marshall, 148 N.J. 89, 150 (1997) (quoting State v. Bontempo, 170 N.J. Super. 220, 234 (Law Div. 1979)).]

It is understandable why the judge found defendant's argument with respect to the CSAAS testimony should be barred.  He raised, and we rejected, the issue on direct appeal.  Recent developments, however, require that the PCR judge review the issue anew.

During the pendency of this appeal, the Supreme Court issued its opinion in State v. J.L.G., 234 N.J. 265 (2018).  In that case, the Court partially overturned its holding in State v. J.Q.  The Court held:

> [b]ased on what is known today, it is no longer possible to conclude that CSAAS has a sufficiently reliable basis in science to be the subject of expert testimony. We find continued scientific support for only one aspect of the theory – delayed disclosure – because scientists generally accept that a significant percentage of children delay reporting sexual abuse.
>
> We therefore hold that expert testimony about CSAAS in general, and its component behaviors other than delayed disclosure, may no longer be admitted at criminal trials. Evidence about delayed disclosure can be presented if it satisfies all parts of the applicable evidence rule. See N.J.R.E. 702. In particular, the State must show that the evidence is beyond the understanding of the average juror.
>
> [Id. at 272.]

The Court noted that admissibility of CSAAS expert testimony on this limited aspect of the syndrome "will turn on the facts of each case." Ibid. When a victim gives "straightforward reasons about why she delayed reporting abuse, the jury [does] not need help from an expert to evaluate her explanation. However, if a child cannot offer a rational explanation, expert testimony may help the jury understand the witness's behavior." Ibid. The Court, however, concluded that the improper admission of CSAAS testimony may be harmless "in light of the overwhelming evidence of defendant's guilt." Id. at 306.

The Court did not opine with respect to whether its holding will be applied retroactively. In State v. G.E.P., ___ N.J. Super. ___ (App. Div. Mar. 27, 2019)

12

(slip op. at 11), <u>certif. pending</u>, we concluded that the holding in <u>J.L.G.</u> "should be given at least pipeline retroactivity," rending it applicable to all cases in which the parties have not exhausted all avenues of direct review when the opinion in <u>J.L.G.</u> was issued. Because all four cases pending before the court in <u>G.E.P.</u> were on direct appeal when the opinion in <u>J.L.G.</u> was issued, we decided "only whether pipeline retroactively is appropriate." <u>Id.</u> at 8. We offered no opinion with respect to whether the holding in <u>J.L.G.</u> should be given complete retroactive effect, rending it applicable to all prior convictions. <u>See</u> <u>State v. Burstein</u>, 85 N.J. 394, 402-403 (1981).

If it is determined that the holding in <u>J.L.G.</u> is applied with complete retroactivity then application of the holding to defendant would be a "ground for relief not previously asserted [that] could not reasonably have been raised in any prior proceeding" and, as a result, permitted in a PCR petition. <u>See</u> <u>R.</u> 3:22-4(a)(1); <u>State v. Reyes</u>, 140 N.J. 344 (1995) (allowing defendant to seek PCR relief based on retroactive application of appellate decision issued after direct appeal); <u>State v. Lark</u>, 229 N.J. Super. 586, 592-93 (App. Div.) (same), <u>rev'd on other grounds</u>, 117 N.J. 331 (1989).

Because of the timing of the release of the decision in <u>J.L.G.</u>, the parties did not address in their briefs the Court's holding, or whether it should be applied

13

with complete retroactivity. We therefore remand this matter to the PCR court to analyze in the first instance whether the holding in J.L.G. applies with complete retroactively. If the court determines that J.L.G. is completely retroactive, it will have to decide whether the introduction of CSAAS testimony at defendant's trial was harmless error.

Affirmed in part, remanded in part for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0077-17T1